*332
 
 Per Curiam.
 

 In these consolidated appeals, Pioneer State Mutual Insurance Company appeals as of right from an order entered in both cases below denying Pioneer’s motion for summary disposition, granting summary disposition in favor of Titan Insurance Company, dismissing Pioneer’s declaratory action against the other parties, and requiring Pioneer to defend and indemnify the Miller defendants in a third-party action. We affirm in part, reverse in part, and remand.
 

 These cases arise from an accident involving an automobile and a pedestrian. In December 1998, Larry Jeffrey sustained injuries when a van driven by John Miller, Jr., and owned by and registered to John Miller, Sr., struck him. Although Pioneer insured two other vehicles that Miller, Sr., owned, the van that struck Jeffrey was not listed as an insured vehicle on the declarations page of the policy. Miller, Sr., did not renew insurance coverage on the van because he had given the vehicle to his son, Miller, Jr.
 
 [1]
 
 Although Miller, Jr.’s wife had obtained insurance on the vehicle, the coverage was canceled just days before the accident. The injured pedestrian, Jeffrey, did not carry automobile insurance, nor was he covered by an automobile insurance policy issued to a spouse or a relative.
 

 After the accident, Jeffrey filed a claim for first-party no-fault benefits with Pioneer. Pioneer denied the claim on the ground that it did not insure the van. Jeffrey then filed a claim for personal protection insurance benefits with the Assigned Claims Facility,
 
 *333
 
 MCL 500.3171
 
 et seq.,
 
 and the claim was assigned to Titan. Titan paid benefits to or on behalf of Jeffrey.
 

 In December 1999, Jeffrey filed suit against Titan and Pioneer, seeking payment of no-fault benefits.
 
 [2]
 
 Pioneer filed a cross-claim against Titan, seeking a declaration that Titan was responsible for payment of benefits. Titan filed a cross-claim against Pioneer, seeking recovery of benefits paid to Jeffrey and a declaration that Pioneer was first in priority for payment of benefits. Titan also filed a third-party complaint against Jeffrey, Miller, Sr., and Miller, Jr., seeking reimbursement for benefits paid to Jeffrey.
 
 [3]
 
 In a separate action, Pioneer filed suit against Jeffrey, Miller, Sr., and Miller, Jr., seeking a declaration that it had no duty to defend or indemnify the Millers in a third-party action for noneconomic damages filed by Jeffrey.
 
 [4]
 
 Pursuant to the parties’ stipulation, the trial court consolidated the cases.
 

 In May 2000, Pioneer moved for summary disposition pursuant to MCR 2.116(C)(10). Pioneer argued that because the van was not a “covered auto” under the policy issued to Miller, Sr., there was no insurance coverage from Pioneer. Pioneer also argued that even if coverage existed, Miller, Jr.’s intentional act of moving the van when he knew or should have known that Jeffrey was hanging onto the passenger side voided coverage.
 
 [5]
 

 [6]
 
 Pioneer acknowledged that pursuant to MCL 500.3115(l)(a), a pedestrian injured in an
 
 *334
 
 accident involving motor vehicles was required to first seek payment from the insurers of owners or registrants of the vehicles involved in the accident, but contended this subsection was inapplicable because Pioneer did not insure the vehicle involved in the accident.
 

 In response, Titan asserted that under the “Michigan Endorsement” attached to Pioneer’s policy issued to Miller, Sr., the van was a “covered auto” because it was a vehicle on which Miller, Sr., the owner and registrant, was required to maintain insurance. MCL 500.3101(1). Titan argued that under the bodily injury liability section of the Michigan Endorsement, Pioneer was liable for payment of personal protection insurance benefits because Jeffrey, a pedestrian, was injured in an accident involving a “covered auto” driven by a family member of Miller, Sr. Titan also asserted that no evidence supported Pioneer’s contention that Miller, Jr., intended the result of his actions, i.e., that Jeffrey sustain injuries. In addition, Titan argued that Pioneer’s contention that MCL 500.3115(l)(a) is inapplicable because it required that the vehicle involved in the accident must be insured by the insurer of the owner or registrant was not supported by any authority and is an erroneous interpretation. According to Titan, MCL 500.3115(l)(a) is applicable and controlling, and Titan was entitled to summary disposition pursuant to MCR 2.116(I)(2).
 

 After a hearing, the trial court denied Pioneer’s motion for summary disposition and granted summary disposition in favor of Titan, adopting Titan’s arguments as the basis for its ruling. Following a hearing on Pioneer’s motion for clarification, the trial court entered an order denying Pioneer’s motion for
 
 *335
 
 summary disposition, granting summary disposition in favor of Titan, dismissing Pioneer’s declaratory action against Jeffrey and the Millers, and requiring Pioneer to defend and indemnify the Miller defendants in the third-party action. Thereafter, the trial court entered a final order that disposed of all remaining claims in the consolidated cases. Pioneer filed separate appeals, which this Court consolidated.
 

 On appeal, Pioneer claims that the trial court erred in denying its motion for summary disposition. Specifically, Pioneer argues that because Miller, Sr., did not insure the van, Pioneer is not liable for payment of Jeffrey’s first-party no-fault benefits or required to defend and indemnify Miller, Sr., and Miller, Jr., in the third-party liability action that Jeffrey commenced against them. We review a trial court’s grant of summary disposition de novo.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998).
 

 Resolution of the issue before us requires statutory interpretation. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining legislative intent is the specific language used in the statute.
 
 In re MCI Telecommunications Complaint,
 
 460 Mich 396, 411; 596 NW2d 164 (1999). “If the language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written.”
 
 Nation vW D E Electric Co,
 
 454 Mich 489, 494; 563 NW2d 233 (1997).
 

 We first address Pioneer’s argument concerning first-party no-fault personal protection benefits. Pursuant to MCL 500.3115(l)(a), a pedestrian who is not
 
 *336
 
 covered under his own insurance policy or a policy issued to a spouse or relative must first seek personal protection insurance benefits from the “[i]nsurers of owners or registrants of motor vehicles involved in the accident.”
 
 [6]
 
 This statutory language clearly states that the insurer of the owner or registrant of the motor vehicle involved in the accident is liable for payment of personal protection insurance benefits. Contrary to Pioneer’s argument, the statute does not state that the injured person must seek these benefits from the insurer of the motor vehicle. Stated another way, the statute does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits. Pioneer points to no authority that supports its interpretation, and we find Pioneer’s interpretation contrary to the plain language of the statute. The Legislature is presumed to have intended the meaning conveyed by the specific words used in the statute.
 
 [7]
 

 In re MCI, supra-, Nation, supra.
 
 Holding Pioneer liable for payment of personal protection
 
 *337
 
 insurance benefits to Jeffrey is consistent with the legislative intent that persons rather than vehicles be insured against loss. See
 
 DAIIE v Home Ins Co,
 
 428 Mich 43, 49; 405 NW2d 85 (1987);
 
 Lee v DAIIE,
 
 412 Mich 505, 516; 315 NW2d 413 (1982); see also
 
 Universal Underwriters Group v Allstate Ins Co,
 
 246 Mich App 713, 725-730; 635 NW2d 52 (2001). Further, the requirements of MCL 500.3115(l)(a) prevail over any inconsistency in Pioneer’s policy. See
 
 State Farm Mut Automobile Ins Co v Ruuska,
 
 412 Mich 321, 336; 314 NW2d 184 (1982). Thus, the trial court properly granted summary disposition in favor of Titan, because Pioneer is the insurer responsible for personal protection insurance benefits for Jeffrey under the plain language of MCL 500.3115(l)(a).
 

 Pioneer also argues that it is not required to defend or indemnify Miller, Sr., and Miller, Jr., in the third-party liability action that Jeffrey brought against them. According to Pioneer, because Miller, Sr., elected not to insure the van involved in the accident, no third-party residual liability coverage existed for either of the Millers.
 

 
 *338
 
 We note at this point that although the cases on appeal were consolidated by both the trial court and this Court, the declaratory action does not involve Titan. That action involves only Pioneer, Jeffrey, and the Millers. When Pioneer brought its motion for summary disposition, it did not specifically address whether it had a duty to defend and indemnify the Millers in the third-party action under the policy or otherwise, nor did any response, oral arguments, or the trial court’s ruling focus on Pioneer’s duties with regard to the third-party action. This issue was not explicitly addressed until Pioneer filed a motion for clarification. At the hearing on that motion, Pioneer sought clarification of whether Pioneer’s motion for summary disposition is also denied with respect to the parties other than Titan and whether Pioneer has a duty to defend the Millers in a third-party action. During the hearing, none of the parties or the trial court cited relevant law. The trial court clarified that the declaratory action that Pioneer filed against Jeffrey and the Millers is dismissed and that Pioneer, as the primary carrier, must defend the third-party action. Under these circumstances, and especially where the trial court adopted Titan’s arguments in the hearing on the motion for summary disposition without specifying under which argument(s) Titan succeeded with regard to the first-party action, we are in no position to address the second part of the issue on appeal.
 
 [8]
 
 There is neither a sufficient record below nor sufficient briefing on appeal for us to meaningfully resolve this issue. Thus, remand to the trial court for briefing, argument, and decision is required.
 

 
 *339
 
 Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.
 

 [1]
 

 It is not disputed that Miller, Sr., continued to own the vehicle he “gave” to his son. No transfer of title was made, and consequently Miller, Sr., remained the titled owner of the vehicle.
 

 [2]
 

 Jeffrey v Titan Ins Co,
 
 Ionia Circuit Court Docket No. 99-020294-NF.
 

 [3]
 

 Titan’s third-party action subsequently was dismissed pursuant to stipulation.
 

 [4]
 

 Pioneer State Mut Ins Co v Jeffrey,
 
 Ionia Circuit Court Docket No. 99-020262-NF.
 

 [5]
 

 This aspect of the case is not raised or addressed on appeal, and therefore we do not consider it.
 

 [6]
 

 In full, MCL 500.3115(1) provides:
 

 Except as provided in subsection (1) of section 3114 [MCL 500.3114], a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
 

 (a) Insurers of owners or registrants of motor vehicles involved in the accident.
 

 (b) Insurers of operators of motor vehicles involved in the accident.
 

 [7]
 

 We note that had the Legislature intended this provision to affect the insurer of the motor vehicle involved in the accident, rather than the owner of the motor vehicle involved in the accident, it could have used specific language to that effect. For example, in
 
 State Farm Fire & Casualty Co v Citizens Ins Co of America,
 
 100 Mich App 168, 174; 298 NW2d 651 (1980), disapproved on other grounds by
 
 DAIIE v Home Ins Co,
 
 428 Mich 43; 405 NW2d 85 (1987), this Court addressed the language in MCL
 
 *337
 
 500.3114(4), which is similar in relevant part to the language in the statute at issue in the present case, MCL 500.3115(l)(a), stating:
 

 In this subsection, the statute speaks of “the insurer of the owner” not “the insurer of the vehicle”.... It is clear that the Legislature’s choice of such language was not accidental. That the obligation of the insurance company to pay personal protection benefits is not tied to a particular vehicle in all cases does not, however, mean that the Legislature intended to discard all ties between the obligation to pay benefits and the vehicle.
 

 As the
 
 State Farm,
 
 Court noted, MCL 500.3114(2) and (3) provide specific language that in certain instances personal protection insurance benefits shall be received “from the insurer of the motor vehicle” and “from the insurer of the furnished vehicle,” respectively.
 
 State Farm, supra
 
 at 174-175 (emphasis removed).
 

 [8]
 

 Again, we note that Titan was not a party to the declaratory action.