# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2007

132179

FARMERS INSURANCE EXCHANGE,
　　　　Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,
　　　　Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132179
COA: 259763
Tuscola CC: 03-021922-CK

　　　　On April 11, 2007, the Court heard oral argument on the application for leave to appeal the August 17, 2006 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

　　　　CAVANAGH, J., would grant leave to appeal.

　　　　MARKMAN, J., dissents and states as follows:

　　　　I respectfully dissent. By denying leave to appeal in this priority dispute, the majority leaves intact a published decision of the Court of Appeals that subjects no-fault insurance carriers to liability for vehicles not covered by an insurance policy and driven by persons with whom the insurer has no relationship whatsoever. This is a remarkable expansion of the concept of insurance responsibility in this state. The Court of Appeals erred, in my judgment, by failing to read the relevant provision of the no-fault act, MCL 500.3114(5)(a), in the context of the entire no-fault act and the financial responsibility act. Given that necessary context, the statute can only reasonably be read as imposing liability on an insurer when the vehicle involved in the accident is covered by a no-fault insurance policy.

　　　　The claimant in the underlying first-party no-fault case, a motorcyclist, was injured when he was struck by an uninsured van driven by Lynn Smith. Although the van was purchased for Smith's exclusive use, it was co-owned with her boyfriend, John

Petiprin. Smith purchased a no-fault insurance policy for the van from Pioneer State Insurance Company. However, before the accident, Smith had allowed the policy to lapse. Petiprin, on the other hand, had a no-fault insurance policy with defendant Farm Bureau General Insurance Company of Michigan on his personal vehicle. However, Smith's van had never been covered by defendant's policy, Smith was not listed as a named insured in defendant's policy, and Smith was neither a resident of Petiprin's household nor related to him so as to fall within defendant's policy. The injured motorcyclist applied for and received personal protection insurance benefits from the Assigned Claims Facility, pursuant to MCL 500.3172, which assigned the claim to plaintiff Farmers Insurance Exchange. Plaintiff then filed the instant action for declaratory relief, claiming that defendant is liable for the benefits received by the motorcyclist under MCL 500.3114(5)(a). The trial court granted summary disposition to plaintiff, holding that, as the insurer of the co-owner of the vehicle, defendant owed coverage pursuant to MCL 500.3114(5)(a). The Court of Appeals affirmed in a published opinion, 272 Mich App 106 (2006), and leave to appeal was sought in this Court. 477 Mich 995 (2007).

MCL 500.3114(5) states in relevant part:

> A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

When construing a statute, this Court's primary obligation is to ascertain the legislative intent that may be reasonably inferred from the express words of the statute. *Chandler v Muskegon Co*, 467 Mich 315, 319 (2002). The interpretative doctrine of *noscitur a sociis*, i.e., that "a word or phrase is given meaning by its context or setting," affords courts assistance in interpreting the words of the law. *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 420 (2003).

> "[Words and phrases] must be read in context with the entire act, and the words and phrases used there must be assigned such meanings as are in harmony with the whole of the statute . . . ." *Arrowhead Dev Co v Livingston Co Rd Comm*, 413 Mich 505, 516; 322 NW2d 702 (1982). "Words in a statute should not be construed in the void, but should be read together to harmonize the meaning, giving effect to the act as a whole." *Gen Motors Corp v Erves (On Rehearing)*, 399 Mich 241, 255; 249 NW2d 41 (1976)(opinion by COLEMAN, J.). Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially

different when read in context. *McCarthy v Bronson*, 500 US 136, 139; 111 S Ct 1737; 114 L Ed 2d 194 (1991); *Hagen v Dep't of Ed*, 431 Mich 118, 130-131; 427 NW2d 879 (1988). "In seeking meaning, words and clauses will not be divorced from those which precede and those which follow." *People v Vasquez*, 465 Mich 83, 89; 631 NW2d 711 (2001), quoting *Sanchick v State Bd of Optometry*, 342 Mich 555, 559; 70 NW2d 757 (1955). [*G C Timmis, supra* at 421.]

In holding that MCL 500.3114(5) imposes liability on defendant for the underlying accident, the Court of Appeals looked selectively at the context of this provision; it looked to *some,* but not *all*, of the context of the act. Specifically, the Court of Appeals noted that MCL 500.3115(1)(a), which specifies the priority of insurers liable for payment of no-fault benefits to persons suffering injury in an automobile accident while not an occupant of a motor vehicle, assigns the highest priority to "insurers of owners or registrants of motor vehicles involved in the accident." In *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330, 336 (2002), the Court of Appeals held that the language of MCL 500.3115(1)(a)

> clearly states that the insurer of the owner or registrant of the motor vehicle involved in the accident is liable for payment of personal protection insurance benefits. Contrary to Pioneer's argument, the statute does not state that the injured person must seek these benefits from the insurer of the motor vehicle. Stated another way, the statute does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits.[1]

Because MCL 500.3114(5) and MCL 500.3115(1) are essentially identical, the Court of Appeals applied the reasoning of *Pioneer State* to the instant case and concluded that defendant was the insurer of highest priority for the motorcyclist's injuries.

However, the reasoning of the Court of Appeals left open the question of *which* "insurer of the owner of the motor vehicle" was responsible to provide coverage. Defendant argued that it was just one of many "insurers" of Petiprin and that, under the Court of Appeals reasoning, defendant's home "insurer," his health-care "insurer," his dental insurer," his mortgage "insurer," or the insurer of his stamp collection were equally responsible for coverage. The Court of Appeals rejected this argument, holding that it was inconsistent with the language of the no-fault act "as a whole." Specifically, the Court of Appeals noted that MCL 500.3114 is codified within Chapter 31 of the

---

[1] While not referenced by the Court of Appeals, I note that MCL 500.3114(4), which specifies the priority of insurers liable for payment of no-fault benefits to passengers who are not otherwise covered under MCL 500.3114(1) but suffer injury in an automobile accident, also lists the insurer of highest priority as "the insurer of the owner or registrant of the vehicle occupied."

Insurance Code of 1956, and that the first section of that chapter, MCL 500.3101, refers to insurers that issue automobile insurance policies. Therefore, the Court of Appeals concluded that, when read in the context of the no-fault act "as a whole," the term "insurer" must be limited to no-fault insurers.

However, had the Court of Appeals looked at the *entire* context of the no-fault act, i.e., the Act "as a whole," it would have been equally obvious that the phrase "insurer of the owner or registrant of the motor vehicle," just as it must be limited to *motor vehicle* insurers, must also be limited to the insurer of the motor vehicle *involved in the accident*. The general priority statute, MCL 500.3114(1),[2] states that when an insured, his or her spouse, or a relative domiciled in the same home is injured in an automobile accident, they are generally entitled to benefits as set forth in their personal protection insurance policy. Section 3114(1), in turn, refers to MCL 500.3101(1), which requires every vehicle registered in this state to carry no-fault insurance. In other words, it is the insurer of *that motor vehicle,* and not just any random automobile insurance company, that is responsible for no-fault benefits. Similarly, § 3114(2)[3] specifies the insurer of the highest priority for a vehicle operator or passenger as "the insurer of the motor vehicle." Likewise, § 3114(3)[4] provides that the insurer of highest priority for an employee injured

[2] MCL 500.3114(1) provides:

Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and is not entitled to recoupment from the other insurer.

[3] MCL 500.3114(2) provides, in pertinent part:

A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle.

[4] MCL 500.3114(3) provides, in pertinent part:

in an accident while occupying a vehicle owned by his or her employer is "the insurer of the furnished vehicle." Thus, the Legislature's definition of the relevant "insurer" responsible for the payment of no-fault benefits, at least in the context of MCL 500.3114(1), (2) and (3), suggests that the term refers to the insurer of the motor vehicle involved in the accident.

Other provisions of the no-fault act provide further textual indicators that the phrase "insurer of the owner or registrant of the vehicle involved in the accident" refers only to motor vehicles covered by a no-fault insurance policy. First, MCL 500.3113(b)[5] and MCL 500.3173[6] link insurance coverage to the vehicle involved in the motor vehicle accident and specifically exclude from coverage persons who have failed to obtain a no-fault policy for their vehicle or who have failed to pay the insurance premiums for such a policy. Second, MCL 500.3101(1)[7] and MCL 500.3102(1)[8] require the owner or

---

An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

[5] MCL 500.3113 provides:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

[6] MCL 500.3173 provides:

A person who because of a limitation or exclusion in sections 3105 to 3116 is disqualified from receiving personal protection insurance benefits under a policy otherwise applying to his accidental bodily injury is also disqualified from receiving benefits under the assigned claims plan.

[7] MCL 500.3101(1) provides:

The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway. Notwithstanding any other provision in this act, an insurer that has issued an automobile

registrant of a motor vehicle to pay insurance premiums for all vehicles owned and registered in Michigan. Thus, an examination of the text surrounding MCL 500.3114(5) and of other provisions of the no-fault act suggests that the phrase "insurer of the owner or registrant of the vehicle involved in the accident" means that the vehicle involved in the accident must be covered by a no-fault policy issued by the relevant insurer in order for that insurer to have priority to pay benefits to an injured motorcycle operator or passenger.

The Court of Appeals error is made starker when one considers the financial responsibility act, MCL 257.501 *et seq.* In *Cason v Auto-Owners Ins Co*, 181 Mich App, 600, 606 (1989), the Court of Appeals held that the no-fault act and the Michigan Vehicle Code, which includes the financial responsibility act, are to be construed *in pari materia* because they relate to an identical class of things. Further, courts will look to "financial responsibility laws to determine the required scope of liability coverage with respect to an injury incurred in this state," because "the financial responsibility act determine[s] the extent of liability coverage required under no-fault." *State Farm Mut Automobile Ins Co v Ruuska*, 90 Mich App 767, 772 (1979), citing *State Farm Mut Automobile Ins Co v Sivey*, 404 Mich 51, 56 (1978).

The financial responsibility act recognizes several forms of mandatory policies and limits the insurers' liability to those vehicles for which premiums have been paid. MCL 257.520(b)(1) provides that an owner's policy of liability insurance "[s]hall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted." Thus, under the financial responsibility act, an insurer's liability coverage is limited to only the vehicles listed in the policy. *State Farm Mut Auto Ins Co v Ruuska*, 412 Mich 321, 336 n 7 (1982). The Court of Appeals here recognized that, "for purposes of the financial responsibility act, the Legislature only requires an insurer to provide liability coverage to those automobiles listed in the policy . . . [however] [t]he plain language of MCL 500.3114(5)(a) is obviously contrary to defendant's argument regarding the financial responsibility act." 272 Mich App at 118-119. It is a long-accepted principle of statutory construction that

insurance policy on a motor vehicle that is not driven or moved upon a highway may allow the insured owner or registrant of the motor vehicle to delete a portion of the coverages under the policy and maintain the comprehensive coverage portion of the policy in effect.

[8] MCL 500.3102(1) provides:

A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

"[s]tatutes which may appear to conflict are to be read together and reconciled, if possible." *People v Bewersdorf*, 438 Mich 55, 68 (1991). The Court of Appeals resolved the alleged conflict between these two statutes by simply failing to consider the provisions of the financial responsibility act. The proper interpretative approach, in my judgment, would have been to reconcile the no-fault act and the financial responsibility act by interpreting the no-fault provisions to refer to the insurer of the owner *with respect to the vehicle involved in the accident*.

To summarize, the premise of the no-fault act is that a person injured in a motor vehicle accident generally looks to his own no-fault carrier to provide coverage for his injuries. MCL 500.3114(1). Every vehicle registered or operated for more than 30 days in a calendar year must be covered by a no-fault policy, MCL 500.3101(1) and 500.3102(1), and the failure to obtain or maintain such a policy bars an injured party from obtaining benefits. MCL 500.3113(b) and MCL 500.3173. Likewise, the financial responsibility act makes clear that an insurer's duty to pay benefits is triggered by a valid policy for the vehicle involved in the accident. The no-fault act permits a person injured in a motor vehicle accident not involving their own vehicle to recover benefits from *another* insurer when that person is injured: (1) as a passenger of a motor vehicle, MCL 500.3114(2); (2) while occupying an employer-furnished vehicle, MCL 500.3114(3); (3) while occupying another motor vehicle, where the injured party does not have his or her own no-fault insurance policy, MCL 500.3114(4); (4) as the driver or passenger of a motorcycle, where a motor vehicle is involved in the accident, MCL 500.3114(5); or (5) while not an occupant of a motor vehicle, MCL 500.3115. Nothing in these exceptions suggests that the owner or operator of a vehicle is relieved of his obligation to obtain no-fault insurance. It follows that these exceptions do not alter an insurer's obligation under the financial responsibility act to pay benefits only when a vehicle involved in a motor vehicle accident is covered by a no-fault insurance policy. When understood in the full context of the no-fault act and financial responsibility act, "insurer of the owner or registrant of the motor vehicle involved in the accident" can only reasonably be understood to mean that the motor vehicle involved in the accident must be covered by a no-fault insurance policy.

Finally, even if I were persuaded that the Court of Appeals interpretation of MCL 500.3114(5) was correct, which I am not, I would nevertheless grant leave to appeal to consider whether this statute would, under such interpretation, implicate the Contracts Clause of the federal or state constitution. Const 1963, art 1, § 10 provides that "[n]o . . . law impairing the obligations of contract shall be enacted."[9] Here, the only conceivable rationale for imposing liability on an insurer in defendant's position is the existence of a contract, albeit a contract between defendant and Petiprin whose terms are irrelevant to the accident for which the Legislature has imposed liability under MCL 500.3114(5).

_____

[9] The analogous provision in the federal constitution, US Const, art I, § 10, provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts."

Exclusively on the basis of this contract — one establishing a specific and well-defined legal relationship between the parties — the Legislature purports to impose an additional obligation, running between these parties, and bearing no relationship with the contract. This new obligation diminishes the value of the contract to the insurer and enhances its value to the insured, by establishing a new financial obligation. I would grant leave to appeal to consider the constitutional propriety of MCL 500.3114(5) in light of *Bank of Minden v Clements*, 256 US 126, 128 (1921) (holding that "'one of the tests that a contract has been impaired is that its value has by legislation been diminished'" [Citation omitted.]); see also *In re Headnotes to Opinions of the Supreme Court*, 43 Mich 641 (1881); cf. *Blue Cross & Blue Shield of Michigan v Governor*, 422 Mich 1 (1985).[10]

In conclusion, I believe that the Court of Appeals has misread MCL 500.3114(5)(a) by its inconsistent reliance upon statutory context and has imposed liability upon a business that bears no more relationship to the vehicle involved in this accident than does Petiprin's grocer or pharmacist. If I am wrong in my interpretation of MCL 500.3114(5)(a), then this case warrants consideration by this Court to determine whether the Contracts Clause of the federal or state constitution is implicated. Accordingly, I would reverse the Court of Appeals and remand to the trial court for the entry of judgment in favor of defendant. Alternatively, I would grant leave to appeal to determine whether the instant statute, if properly construed by the Court of Appeals, implicates the Contracts Clause.

---

[10] On granting leave to appeal, one critical area of inquiry would be to compare and contrast, for Contract Clause purposes, MCL 500.3114(5) and MCL 500.3171 *et seq.*, pertaining to assigned claims. An insurer can also be liable for the payment of no-fault benefits that it has not contracted to provide under the assigned claims provisions. However, in contrast to MCL 500.3114(5), an insurer's obligation under the assigned claims plan has no nexus to, or grounding in, an existing contract, but rather is wholly a creature of statute. Moreover, the assigned claims plan uniformly and randomly apportions responsibility for payment of no-fault benefits to persons who are injured by uninsured or underinsured motorists to all insurers doing business in this state. That is, there is arguably a very considerable difference, for Contracts Clause purposes, between the Legislature requiring members of an industry generally to contribute to a pool or fund, and requiring individual members of that industry to pay non-contractual claims as a direct function of the existence of a contract.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2007

*Corbin R. Davis*
Clerk

p0529