# STATE OF MICHIGAN

# COURT OF APPEALS

NORTH SHORE INJURY CENTER, INC.,

        Plaintiff-Appellee,

v

GEICO GENERAL INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2017

No. 330124
Wayne Circuit Court
LC No. 14-008704-NF

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Defendant, GEICO General Insurance Company, appeals by leave granted,[1] the trial court's order denying defendant's motion for summary disposition regarding plaintiff's complaint for payment of personal injury protection (PIP) benefits. We reverse and remand.

Defendant asserts the trial court erred in denying its motion for summary disposition because it did not issue the insurance policy that is the subject of the dispute and, therefore, did not assume the risk of coverage. The governing insurance policy did not provide for PIP benefits, and the entity that issued the policy, GEICO Casualty Company, was not registered with the state of Michigan under MCL 500.3163. Defendant contends that its response to an interrogatory answer is not binding, and the trial court erred when it used the doctrine of equitable estoppel to impose coverage. The trial court also improperly ignored the separate corporate identities of defendant and GEICO Casualty Company.

Defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(10). As discussed in *Bernardoni v City of Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2016), a trial court's decision on a motion for summary disposition is reviewed de novo "to determine if the moving party is entitled to judgment as a matter of law." "A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. The Court considers all affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* at 472-473 (citation

---

[1] *North Shore Injury Ctr, Inc v Geico Gen Ins Co*, unpublished order of the Court of Appeals, entered April 4, 2016 (Docket No. 330124).

omitted). MCR 2.116(G)(4) requires that the adverse party set forth specific facts when such a motion is brought and supported that show a genuine issue for trial. "A reviewing court should consider the substantively admissible evidence actually proffered by the opposing party. When the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Bernardoni*, 499 Mich at 473.

The trial court failed to recognize or acknowledge a significant fact. While the issue on appeal is presented within the framework of an equitable remedy, in actuality this case pertains to whether a contractual provides for payment or whether finding for plaintiff constitutes an improper windfall for plaintiff. Certain facts are not in dispute.

The owner-driver of the vehicle in which a passenger was injured was insured by GEICO Casualty Company and not defendant. Defendant did not enter into and issue an insurance contract pertaining to this vehicle; therefore, it did not assume any risk associated with this matter. The actual contract involved was an out-of-state policy that did not include a provision for PIP benefits. The insurer issuing the policy, GEICO Casualty Company, is not certified in accordance with MCL 500.3163; as such, the policy is not subject to being converted into a Michigan no-fault policy in order to impose liability for our PIP benefits.

Somehow, however, defendant was erroneously identified as the insurer and is certified under MCL 500.3163. Thus, had defendant been the insurer of the owner-driver of the vehicle, liability would have been properly imposed. Plaintiff nonetheless asserts that it would be inequitable, given its reliance on the mistaken belief that defendant was the proper party and insurer in this matter, to now preclude coverage and grant summary disposition to defendant.

What plaintiff fails to comprehend is that granting summary disposition to defendant would not be inequitable: it is, in fact, the only proper resolution. Had the proper insurer, GEICO Casualty Company, been correctly identified from the outset, plaintiff would not have received reimbursement. GEICO Casualty Company is *not* certified under MCL 500.3163. Hence, the issue is not one of equity; it's one of simple contract. Plaintiff would be the recipient of an unfair windfall by being permitted to collect benefits it would not have been entitled to receive from the correctly identified insurer. In other words, if the proper insurer had been identified from the outset and named as the defendant, plaintiff would not have been entitled to reimbursement of PIP benefits. There was simply no coverage for Michigan No-Fault PIP benefits under the Geico Casualty Company's policy.

The starting point is the language of MCL 500.3163, of which this Court has explained:

An insurer becomes liable under [MCL 500.3163] when (1) it is certified in Michigan, (2) there exists an automobile liability policy between the nonresident and the certified carrier, and (3) there is a sufficient causal relationship between the nonresident's injuries and the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." [*Goldstein v Progressive Cas Ins Co*, 218 Mich App 105, 109; 553 NW2d 353 (1996); see also *Tevis v Amex Assurance Co*, 283 Mich App 76, 83; 770 NW2d 16 (2009) and *Perkins v Auto-Owners Ins Co*, 301 Mich App 658, 666-667; 837 NW2d 32 (2013).]

So in order to qualify or obtain no-fault benefits pursuant to MCL 500.3163, a nonresident must demonstrate, in addition to other requirements, the certification of the insurance carrier in Michigan. *Transport Ins Co v Home Ins Co*, 134 Mich App 645, 651; 352 NW2d 701 (1984).

The problem that arises is that although the accident and incurrence of injuries are not disputed, and it is acknowledged that defendant is certified under MCL 500.3163, there exists no "automobile liability policy between the nonresident and the certified carrier." *Goldstein*, 218 Mich App at 109. It is well-recognized as a precept that an insurance policy constitutes a contractual agreement that is to be interpreted in accordance with the law of contracts. *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007). A contract is defined as "[a]n agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law." *Black's Law Dictionary* (10th ed). "[T]he only conceivable rationale for imposing liability on an insurer in defendant's position is the existence of a contract[.]" *Farmers Ins Exchange v Farm Bureau Gen Ins Co of Mich*, 478 Mich 880, 886; 731 NW2d 757 (2007) (MARKMAN, J., *dissenting*). While, "an insurance contract must be enforced in accordance with its terms," *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999), defendant did not have a contract with any party or vehicle connected to the accident. Therefore, the trial court was precluded from holding "an insurance company liable for a risk that it did not assume." *Id.* While liability could certainly be imposed upon the breach of an existing contract, it is difficult to ascertain how liability can be imposed in the absence of a contract, under the circumstances of this case.

Because an actual contractual obligation is nonexistent, the only potential alternative theory available for the imposition of liability resides in the principles of equity. Plaintiff contends that defendant should be equitably estopped from denying coverage when defendant failed to correct its misidentification as the insurer of the vehicle within its answers to interrogatories. Impliedly, the trial court concurred when it explained its reason for denying defendant's request for summary disposition was based on defendant's response to an interrogatory question in which it affirmatively indicated it was the properly named entity.

Equitable estoppel provides an "equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v Auto-Owners Ins Co*, 458 Mich 288, 295; 582 NW2d 776 (1998).

> Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts. [*West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 310; 583 NW2d 548 (1998).]

The doctrine of equitable estoppel with respect to an insurance policy, however, is limited: it generally will not be applied to broaden the coverage of a policy to protect against risks that were not included in the policy. *Kirschner v Process Design Assoc, Inc*, 459 Mich 587, 593-594; 592 NW2d 707 (1999). In other words, equitable estoppel cannot create a contract that the parties did not enter into or impose liability contrary to the express terms of the contract to which the parties did agree. *Ruddock v Detroit Life Ins Co*, 209 Mich 638, 654; 177 NW 242 (1920).

So, "[a] court must not bestow under the veil of equity that which the aggrieved party itself failed to achieve [by] negotiating [a] contract[,]" particularly where no contract exists. *City of Grosse Pointe Park v Mich Muni Liability and Prop Pool*, 473 Mich 188, 223; 702 NW2d 106 (2005).

In this case, even if plaintiff were able to establish that defendant's answer to an interrogatory question induced plaintiff to believe a misstatement, which plaintiff justifiably relied upon, plaintiff cannot demonstrate prejudice. "Prejudice" is defined as "[d]amage or detriment to one's legal rights or claims." *Black's Law Dictionary* (10th ed). Had plaintiff identified and sued the correct party, GEICO Casualty Company, it would not have been entitled to compensation because that entity was not certified in accordance with MCL 550.3163. Hence, any error resulting from the incorrect identification of the proper defendant has no financial implication for plaintiff because there is no cognizable difference between the outcome of the lawsuit with the proper insurer and the grant of dismissal in favor of defendant. In other words, granting summary disposition in favor of defendant would not place plaintiff in any worse position than it would have been in had it sued the correct entity.

While an alternative argument precluding equitable estoppel has been asserted based on whether it was reasonable for plaintiff to rely on the referenced interrogatory answer given defendant's unequivocal denial of the existence of any coverage for PIP benefits and the clear designation of the insurer --GEICO Casualty Company--on the face of the insurance policy, we need not resolve that argument, or others posited, given plaintiff's patent failure to establish prejudice. Prejudice is an essential element of establishing an equitable estoppel, *West American Ins Co*, 230 Mich App at 310, and the party seeking to establish it has a heavy burden of proving it applies. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 333; 869 NW2d 635 (2015). Because plaintiff cannot establish prejudice, equitable estoppel is unavailable.

We reverse and remand for entry of summary disposition for defendant. We do not retain jurisdiction. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder

-4-