*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHNNIE PAYTON,

        Plaintiff-Appellee,

v

MEEMIC INSURANCE COMPANY

        Defendant-Appellant,

and

WILLIE KING,

        Defendant-Appellee.

UNPUBLISHED
July 28, 2022

No. 357736
Wayne Circuit Court
LC No. 20-000286-NF

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant-appellant, Meemic Insurance Company, appeals by leave granted[1] the trial court orders denying its motion for summary disposition and granting summary disposition to plaintiff, Johnnie Payton. For the reasons stated in this opinion, we reverse and remand for the trial court to enter an order granting Meemic summary disposition.

## I. BASIC FACTS

On September 15, 2018, defendant-appellee, Willie King, was riding a bicycle when Payton, who was driving his 2005 Chrysler Pacifica, crashed into him. Payton had purchased the 2005 Chrysler Pacifica approximately three months before the crash. However, it was not listed on the declarations page of his automobile insurance policy with Meemic. Instead, the only vehicle listed was Payton's 2002 Dodge Caravan SE. King filed suit against Payton and Meemic, seeking

---

[1] *Payton v Meemic Ins Co*, unpublished order of the Court of Appeals, entered August 26, 2021 (Docket No. 357736).

both first- and third-party benefits. Meemic provided King with personal protection insurance (PIP) benefits, but did not provide any bodily injury liability coverage. Meemic contended that under Payton's automobile insurance policy, bodily injury liability coverage was not available for the 2005 Chrysler Pacifica.

In response, Payton filed a declaratory judgment action against Meemic, contending that the 2005 Chrysler Pacifica was covered under Payton's automobile insurance policy because it was either a replacement vehicle or a substitute vehicle. The trial court consolidated the cases. In the declaratory-judgment action, Meemic moved for summary disposition under MCR 2.116(C)(10), arguing that under the plain language of Payton's automobile insurance policy the 2005 Chrysler Pacifica was not a covered vehicle. The trial court denied the motion and granted summary disposition to Payton. It then denied Meemic's motion for reconsideration. This appeal by leave granted follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Meemic argues that the trial court erred by denying Meemic's motion for summary disposition and granting Payton's improperly filed motion for summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 777; 910 NW2d 666 (2017) (quotation marks and citation omitted). When evaluating a (C)(10) motion, the trial court "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* (quotation marks and citation omitted). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Co*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

### B. ANALYSIS

Meemic argues that because the 2005 Chrysler Pacifica is not a vehicle covered under Payton's automobile insurance policy, Meemic does not have an obligation to provide coverage for any bodily injury liability arising from the September 2016 crash. We agree.

"Interpretation of an insurance policy ultimately requires a two-step inquiry: first, a determination of coverage according to the general insurance agreement and, second, a decision regarding whether an exclusion applies to negate coverage." *Auto–Owners Ins Co v Harrington*, 455 Mich 377, 382; 565 NW2d 839 (1997). Here, Meemic contends that there is no coverage under the general insurance agreement and that an exclusion also applies to negate coverage. "The same contract construction principles apply to insurance policies as to any other type of contract because it is an agreement between the parties." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 291; 778 NW2d 275 (2009). "Thus an insurance policy must be read as a whole to

determine and effectuate the parties' intent." *Id.* at 292. "The terms of the contract are accorded their plain and ordinary meaning." *Id.* "If the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law." *Id.* "Clear and specific exclusionary provisions must be given effect, but are strictly construed against the insurer and in favor of the insured." *Id.*

As it relates to bodily injury liability coverage, Payton's automobile insurance policy provided the following coverage:

> 1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this Policy, **we** will pay damages for which an **insured person** is legally liable because of **bodily injury** or **property damage** arising out of the ownership, maintenance, or use including the loading or unloading of an **insured car**. The **insured car** means: your car, which is the vehicle described on the Declarations Page and identified by a specific Vehicle Identification Number, a **replacement car**, a **temporary substitute car**, an **additional car**, and a **trailer** owned by **you**; and an **other car**, which is a private passenger **car**, or **trailer** that you or any **resident relative** of **your** household does not own, does not lease for 31 days or more, or does not have furnished or available for frequent or regular use.

Moreover, the policy excluded coverage if a person was using a vehicle that was

> 1. owned,
>
> 2. leased for 31 days or more, or
>
> 3. furnished or available for the frequent or regular use by **you** or any **resident relative** unless it is the vehicle described on the Declarations Page and identified by a specific Vehicle Identification Number, a **replacement car**, a **temporary substitute car**, an **additional car**, or **trailer** owned by **you**[.]

As relevant here, the plain language of the insurance policy, therefore, only provides coverage for damages arising out of the use of an *insured car*. Because it is undisputed that the 2005 Chrysler Pacifica was owned by Payton, but was not listed on the declarations page, it could only be covered—and not excluded—if it was a replacement car, a temporary substitute car, or an additional car.

> The policy defines a replacement car as
>
> a **car**, ownership of which is acquired by **you** after the effective date of this Policy when it replaces the vehicle described on the Declarations Page and identified by a specific Vehicle Identification Number. **We** must be told about it within 30 days after acquisition or no coverage is afforded under this Policy for any accident or loss.

And it defines an "additional car" as

> a **car**, other than a **replacement**, acquired by **you** after the effective date of this Policy if **we** insure all **cars** owned by **you** and **we** are notified within 30 days of such acquisition. If **we** are not notified of an **additional car** within 30 days of its acquisition, no coverage is provided under this Policy.

Although the 2005 Chrysler Pacifica was owned by Payton, there is no evidence that he notified Meemic of its acquisition within 30 days of its acquisition. Therefore, the 2005 Chrysler Pacifica is neither a replacement car nor an additional car under the policy.

> The policy defines a temporary substitute car as

> a **car** or **trailer**, not owned by **you** or any resident of **your** household, used when **your car** or **trailer** is out of use because of its breakdown, repair, servicing, **loss** or destruction.

Because the 2005 Chrysler Pacifica was owned by Payton, it cannot be a temporary substitute car under the policy.

Payton does not argue that the policy language indicates that there is coverage for the 2005 Chrysler Pacifica. Instead, he directs this Court to sections of Meemic's claims log. In the log, Meemic indicated that it was the insurer of the owner of the vehicle involved in the crash, that Payton's policy was in effect at the time of the crash, and that it was paying PIP benefits to King because it was the highest priority insurer under the no-fault act. Payton contends that the log shows that Meemic treated the 2005 Chrysler Pacifica as a covered vehicle. We disagree.

Under former MCL 500.3115(1)(a),[2] King, a bicyclist, was entitled to seek PIP benefits from "[i]nsurers of owners or registrants of motor vehicles involved in the accident." This Court has interpreted that language as providing that an injured person who was not an occupant of a motor vehicle can claim PIP benefits from the insurer of the owner of the motor vehicle involved in the crash, even if the motor vehicle involved in the crash was not insured by the insurer. See *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330, 335-336; 652 NW2d 469 (2002) (holding "the statute does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits."); see also *Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App 106, 113-114; 724 NW2d 485 (2006) (stating that "the insurer need not insure the vehicle in the accident, but must insure the owner or registrant). Thus, coverage for the first-party PIP benefits was required without regard to whether the 2005 Chrysler Pacifica was or was not an insured vehicle under Payton's automobile insurance policy.

Thus, notwithstanding that Meemic provided coverage for King's first-party claim, the question of whether Meemic is also liable for King's third-party claim turns on the language of Payton's automobile insurance policy. Because the undisputed facts show that the 2005 Chrysler Pacifica is not an insured car under the terms of that policy, Meemic does not have an obligation

---

[2] MCL 500.3115 was amended by 2019 PA 21, effective June 11, 2019. Because the crash in this case occurred on September 16, 2018, the former version of the statute applies.

to provide coverage for King's third-party claim. The trial court, therefore, erred by denying Meemic summary disposition and by granting Payton summary disposition.[3]

We reverse and remand for entry of an order summarily dismissing Payton's claim for declaratory judgment. We do not retain jurisdiction. Meemic may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

[3] Given our resolution, we need not address Meemic's alternative arguments.