FARMERS INSURANCE EXCHANGE v
FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN

Docket No. 259763. Submitted June 7, 2006, at Detroit. Decided August
17, 2006, at 9:05 a.m. Leave pending, 477 Mich 995.

Farmers Insurance Exchange, an assigned-claims servicing insurer,
brought an action in the Tuscola Circuit Court against Farm
Bureau General Insurance Company of Michigan, seeking reim-
bursement for first-party no-fault insurance benefits it paid as the
result of a van-motorcycle accident. The motorcycle operator, Rory
Osentoski, was insured, but the van's driver, Lynn Smith, was not.
The van's co-owner, John Petiprin, had an insurance policy issued
by Farm Bureau General Insurance Company of Michigan (Farm
Bureau) for one of his vehicles, but this policy did not include
Smith or the van. After paying Osentoski benefits, Farmers
Insurance Exchange sought reimbursement from Farm Bureau,
which claimed that it had no obligation to pay because it had not
issued a policy covering the van. The trial court, Patrick Reed
Joslyn, J., granted Farmers Insurance Exchange's motion for
summary disposition, reasoning that MCL 500.3114(5) requires an
injured person to seek benefits from the insurance company that
has a contractual relationship with the vehicle's owner, regardless
of whether that company has insured the particular vehicle in
question. After the trial court rejected Farm Bureau's motion for
rehearing or reconsideration, Farm Bureau appealed by right.

The Court of Appeals *held*:

1. MCL 500.3114(5)(a) requires Farm Bureau to be first in
priority to pay no-fault benefits to Osentoski, despite the fact that
the insurance contract did not cover Osentoski or the motor
vehicle involved in the accident.

2. The fact that the financial responsibility act, MCL 257.501
*et seq.*, only requires an insurer to provide liability coverage for
those automobiles listed in the policy has no bearing on the proper
application of MCL 500.3114(5)(a) because the plain language of
MCL 500.3114(5)(a) demands a contrary result, is more specific,
and was more recently enacted.

Affirmed.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — PRIORITY OF CLAIMS.

An insurer of a motor vehicle owner or registrant involved in an accident with a motorcycle is first in priority to pay no-fault benefits to a person injured in the accident (MCL 500.3114[5][a]).

2. INSURANCE — NO-FAULT —STATUTORY REQUIREMENTS — INSURANCE CONTRACTS.

The statutory requirement that the insurer of the owner or registrant of a motor vehicle involved in an accident with a motorcycle is first in priority to pay no-fault benefits takes precedence over the terms of the insurance contract (MCL 500.3114[5][a]).

*Anselmi & Mierzejewski, P.C.* (by *Joseph S. Mierzejewski*), for the plaintiff.

*Willingham & Coté, P.C.* (by *John A. Yeager*), for the defendant.

Before: WHITBECK, C.J., and ZAHRA and DONOFRIO, JJ.

DONOFRIO, J. Defendant, Farm Bureau General Insurance Company of Michigan, appeals as of right an order denying defendant's motion for summary disposition and granting summary disposition to plaintiff, Farmers Insurance Exchange, under MCR 2.116(C)(10). Underlying this case is a van-motorcycle accident. The trial court concluded that under MCL 500.3114(5)(a), defendant was required to reimburse plaintiff for first-party no-fault benefits paid to the injured motorcyclist and to continue providing benefits to the motorcyclist because defendant was the insurer of the owner of the van involved in the underlying accident. Because the trial court properly construed MCL 500.3114(5)(a) to require that an insurer that insures an owner or registrant who owns the motor vehicle involved in an accident with a motorcycle is first in priority to pay no-fault benefits to the injured person, and correctly concluded that defendant was required to pay no-fault benefits, we affirm.

I

Rory Osentoski was riding a motorcycle when he was struck by a van driven by Lynn Smith. Smith and John Petiprin, who were dating, owned the van. On the day of the accident, the van was uninsured due to a failure to pay the insurance premium. Smith admitted that she did not have any type of insurance on the date of the accident. Defendant had issued Petiprin a no-fault insurance policy, effective on the date of the accident, that listed a vehicle owned by Petiprin, but did not list Smith as an insured or the vehicle involved in the accident.

Osentoski, who had insurance as required by statute,[1] submitted a first-party no-fault benefits claim through the Assigned Claims Facility under MCL 500.3171 *et seq.*, which the facility assigned to plaintiff. Pursuant to Osentoski's claim, plaintiff paid him no-fault benefits. Plaintiff requested that defendant begin making no-fault payments to Osentoski and further requested reimbursement for benefits it had already paid, arguing that defendant was first in priority to pay benefits under MCL 500.3114(5). Defendant argued that it had no obligation to pay under MCL 500.3114(5) and refused to pay.

Plaintiff filed for declaratory relief, requesting a declaration that defendant was required to reimburse plaintiff for benefits paid to Osentoski under MCL 500.3114(5). Plaintiff then moved for summary disposition under MCR 2.116(C)(10), asserting that it was last in priority to pay first-party no-fault benefits as the assigned-claims servicing insurer. While asserting that

---

[1] The parties agreed at oral argument before us that Osentoski had the insurance required of him as a motorcycle owner or registrant pursuant to MCL 500.3103(1).

Michigan courts had not interpreted the relevant language in MCL 500.3114(5), plaintiff stated that Michigan courts had interpreted similar language in MCL 500.3115(1) consistently with its position that defendant was required to pay. Defendant also moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that it did not issue a policy covering the van involved in the accident and that there is no statute requiring it to provide coverage. In response to plaintiff's argument, defendant asserted that interpretation of MCL 500.3115(1) was irrelevant because the language in that section greatly differs from MCL 500.3114(5).

The trial court issued an opinion granting summary disposition for plaintiff under MCR 2.116(C)(10). In construing MCL 500.3114(5), the trial court reasoned in part as follows:

> Because the first two words of subsection (5)(a) directly precedes [sic] the words "of the owner or registrant" and not the words "of the motor vehicle" they clearly provide that the injured person must seek benefits from the specific insurance company that possesses a contractual relationship with the owner or registrant of the vehicle–not from the specific insurance company that insures the motor vehicle involved in the accident. Moreover, because there exists the word "of" between "owner or registrant" and "the motor vehicle involved in the accident" it indicates a possessive relationship between a person and the motor vehicle that was involved in the accident . . . .

The trial court further reasoned that the legislative intent of MCL 500.3114(5) was consistent with the no-fault act in that persons rather than vehicles are insured against loss.

Defendant moved for rehearing or reconsideration, arguing that the financial responsibility act, MCL 257.501 *et seq.*, should be considered for purposes of construing MCL 500.3114(5), claiming that the two acts

are *in pari materia*. Defendant asserted that under the financial responsibility act, an owner's policy is limited to insuring only the vehicles listed in the policy. Thus, defendant argued that under MCL 500.3114(5), an insurer is required to provide coverage only if the insurer listed the motor vehicle involved in the accident. The trial court denied defendant's motion, reasoning that defendant's reliance on the financial responsibility act was untimely because defendant did not present it at oral argument or address it in writing prior to that motion. The trial court entered a stipulated order of declaratory judgment for plaintiff, ordering defendant to reimburse plaintiff for no-fault benefits it paid to Osentoski, and to continue providing benefits to Osentoski. Defendant now appeals as of right.

II

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003), and questions of statutory interpretation, *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005).

III

The issue before us is whether MCL 500.3114(5)(a) requires an insurer to pay an injured motorcyclist no-fault benefits when the insurer did not issue a policy covering the vehicle involved in the accident. Defendant's position is that MCL 500.3114(5)(a) does not require payment of no-fault benefits because MCL 500.3114(5)(a) only requires an insurer to provide no-fault benefits under these facts if the insurer actually insured the motor vehicle involved in the accident. Plaintiff's position is that MCL 500.3114(5)(a) does

require payment of no-fault benefits because the plain language of MCL 500.3114(5)(a) states that the insurer need not insure the vehicle in the accident, but must insure the owner or registrant.

" '[O]ur primary task in construing a statute[ ] is to discern and give effect to the intent of the Legislature.' " *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004), quoting *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "If the statutory language is unambiguous, we must presume that the Legislature intended the meaning it clearly expressed and further construction is neither required nor permitted." *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005). In construing a statute, a court must give effect to every word, phrase, and clause and avoid a construction that would render any part of the statute surplusage or nugatory. *Griffith, supra* at 533-534. "Undefined statutory terms must be given their plain and ordinary meanings and it is proper to consult a dictionary for definitions." *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004).

Generally, under MCL 500.3101(1) and MCL 500.3114(1), an individual must seek no-fault benefits from his own insurer unless one of the exceptions enumerated in MCL 500.3114(2), (3), or (5) applies. *Parks v Detroit Automobile Inter-Ins Exch*, 426 Mich 191, 202-203; 393 NW2d 833 (1986). The exception at issue here, MCL 500.3114(5), establishes the priority in which a motorcycle rider accidentally injured by a motor vehicle must claim no-fault benefits. MCL 500.3114(5) provides in relevant part as follows:

A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or pas-

senger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) *The insurer of the owner or registrant of the motor vehicle involved in the accident.* [Emphasis added.]

In certain limited circumstances, a person may also claim benefits through the Assigned Claims Facility under MCL 500.3172(1), which provides in relevant part as follows:

A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through an assigned claims plan if no personal protection insurance is applicable to the injury . . . .

Under these facts, the general rule pursuant to MCL 500.3101(1) and MCL 500.3114(1) does not apply. This is the case because the accident falls squarely within the purview of MCL 500.3114(5), and MCL 500.3114(1) specifically exempts its application to motor vehicle accidents that meet the requirements of MCL 500.3114(2), (3), and (5). So, for purposes of this case, while an injured motorcyclist must first seek no-fault benefits from the insurer described in MCL 500.3114(5)(a), no-fault benefits are also available from an assigned-claims insurer under MCL 500.3172(1) if no other personal protection insurance applies, because the assigned-claims insurer is last in order of priority. See *Spencer v Citizens Ins Co*, 239 Mich App 291, 301; 608 NW2d 113 (2000). Thus, the question is whether defendant is responsible for payment of Osentoski's no-fault benefits on the basis of MCL 500.3114(5)(a). We look to the language of the statute to answer the question.

MCL 500.3114(5)(a) states that the insurer is liable if it is "[t]he insurer of the owner or registrant of the motor vehicle involved in the accident." In order to scrutinize the plain language of the statutory sentence, we consult the dictionary definition of the word "of." The word "of" is "used to indicate inclusion in a . . . class" and "used to indicate possession or association . . . ." *Random House Webster's College Dictionary* (1997). The sequential prepositional phrases *"of* the owner or registrant" and *"of* the motor vehicle involved in the accident" define the relevant insurer. The first prepositional phrase, "of the owner or registrant," establishes a relationship between the "insurer" and an individual "owner or registrant" on the basis of the contractual nature of the parties' relationship. The second phrase establishes a relationship between an individual "owner or registrant" and "the motor vehicle involved in the accident" on the basis of "the owner or registrant['s]" possession of "the motor vehicle involved in the accident."

The prepositional phrases demarcate contracting parties, with the first party defined by the contractual relationship and the second party defined by the possessive relationship. Pursuant to the plain language of the statute, all that is required for an insurer to be first in priority to pay no-fault benefits is to insure "the *owner or registrant* of the motor vehicle involved in the accident." In other words, the plain language of MCL 500.3114(5)(a) states that the insurer need not insure the vehicle in the accident, but must insure the owner or registrant. Here, because defendant insured Petiprin, who owned the van involved in the accident, defendant is first in priority to provide benefits under MCL 500.3114(5)(a). Had the Legislature intended MCL 500.3114(5)(a) only to require an insurer to provide no-fault benefits if the insurer actually insured the

motor vehicle involved in the accident, it could have
chosen the following language for MCL 500.3114(5)(a):
"The insurer of the motor vehicle involved in the
accident," deleting the first prepositional phrase, "of
the owner or registrant." Clearly, the Legislature did
not choose that language, and for us to adopt defen-
dant's position would be to render the phrase "of the
owner or registrant" in the statute nugatory. *Griffith,
supra* at 533-534.

Defendant asserts that by repeating the article "the"
in MCL 500.3114(5)(a), the Legislature intended to
"particularize the subject matter," i.e., to indicate that
priority is limited to "the insurer of the motor vehicle
involved in the motor vehicle accident." Again, to
interpret the statute as defendant suggests is contrary
to the plain language of the subsection and renders
meaningless the qualifying phrase, "the owner or reg-
istrant of." If the Legislature had intended to limit MCL
500.3114(5)(a) as defendant suggests, it could have
done so, but it did not. Because the plain language of
MCL 500.3114(5)(a) requires that an insurer that in-
sures an owner or registrant who owns the motor
vehicle involved in an accident with a motorcycle is first
in priority to pay no-fault benefits to the injured person,
further construction is not permitted. *Nastal, supra* at
720. Our holding "is consistent with the legislative
intent that persons rather than vehicles be insured
against loss." *Pioneer State Mut Ins Co v Titan Ins Co,*
252 Mich App 330, 337; 652 NW2d 469 (2002).

Further supporting our reasoning in this case is this
Court's holding in *Pioneer, supra.* In construing similar
language in MCL 500.3115(1)(a), the Court in *Pioneer*
concluded that an insurer is required to provide no-
fault benefits regardless of whether the insurer covered
the motor vehicle involved in the accident. *Pioneer,*

*supra* at 336. MCL 500.3115(1) establishes the priority in which an uninsured nonoccupant of a vehicle must claim no-fault benefits and provides in relevant part as follows:

> Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) *Insurers of owners or registrants of motor vehicles involved in the accident.* [Emphasis added.]

The *Pioneer* Court was called on to construe MCL 500.3115(1)(a), and it concluded:

> This statutory language clearly states that the insurer of the owner or registrant of the motor vehicle involved in the accident is liable for payment of personal protection insurance benefits. . . . [T]he statute does not state that the injured person must seek these benefits from the insurer of the motor vehicle. Stated another way, the statute does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits. [*Pioneer, supra* at 336.]

Because the language in MCL 500.3115(1)(a) is materially identical to that in MCL 500.3114(5)(a), the *Pioneer* reasoning also applies in this case and supports our holding. See *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 15 n 3; 684 NW2d 391 (2004).

Terms contained in the no-fault insurance act must be read in the context of the legislative history and of the act as a whole. *Frierson v West American Ins Co*, 261 Mich App 732, 734; 683 NW2d 695 (2004). In this vein, we compare the language of MCL 500.3114(6) and MCL 500.3115(2). MCL 500.3114(6) states:

> If 2 or more insurers are in the same order of priority to provide personal protection insurance benefits under sub-

section (5), an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among all of the insurers.

And MCL 500.3115(2) states:

When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.

The language is nearly identical.

The Legislature adopted the already codified language of MCL 500.3115(2) almost verbatim in the context of MCL 500.3114 and codified it as MCL 500.3114(6). Because the Legislature chose to use the same language, we conclude that the Legislature intended the sections be treated in the same manner to accomplish the same purpose. In both cases, it is clear that the Legislature intended to shift the burden of loss to a broader potential base of insurers.[2] This is further indication of the Legislature's intention to treat these separate sections of the no-fault statute similarly.

Defendant also asserts that it did not contract for the risk imposed on it by the trial court because defendant's policy did not cover Osentoski or the motor vehicle involved in the accident. The issue before us is one of statutory interpretation and not contractual interpre-

---

[2] The plain language of both MCL 500.3114(6) and MCL 500.3115(2) supports this conclusion as does 1980 PA 445 specifically regarding the enactment of MCL 500.3114(5) and (6).

tation. Defendant is precluded from arguing that its contract for insurance coverage prevails over the requirements of MCL 500.3114(5)(a). See *State Farm Mut Automobile Ins Co v Ruuska*, 412 Mich 321, 336-337; 314 NW2d 184 (1982).

Defendant also argues that if we do not adopt its interpretation of the statute, then any insurer of an owner of a vehicle would be equally responsible to provide coverage under MCL 500.3114(5)(a). Because of the operation of the doctrine of *noscitur a sociis*, one need not heed defendant's apocalyptic predictions regarding the application of MCL 500.114(5)(a). Under the doctrine of *noscitur a sociis*, a word or phrase should not be read in isolation but should be given meaning by its context, including harmonizing the meaning to give effect to an act as a whole. *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003). MCL 500.3114 is codified within chapter 31 of the Insurance Code of 1956, commonly referred to as the no-fault automobile provisions chapter, MCL 500.3101 to 500.3179. MCL 500.3101 refers to insurers that issue automobile insurance policies. In that regard, the language in MCL 500.3114 should be read in context with chapter 31, and therefore "the insurer" as provided in MCL 500.3114(5)(a) is limited to no-fault insurers. Defendant's concern is without merit.

IV

Defendant also relies on the financial responsibility act, MCL 257.501 *et seq*. Defendant argues in particular that the financial responsibility act should be construed *in pari materia* with the no-fault section at issue, MCL 500.3114(5)(a). This argument is not properly preserved for our review because defendant raised it for the first time in its motion for rehearing or reconsideration.

See *Pro-Staffers, Inc v Premier Mfg Support Services, Inc*, 252 Mich App 318, 328-329; 651 NW2d 811 (2002). Nevertheless, because the argument involves a question of law and the parties have presented all facts necessary for its resolution, we may review this issue. See *Brown v Loveman*, 260 Mich App 576, 599; 680 NW2d 432 (2004).

> [S]tatutes in pari materia are those which relate to the same subject matter or share a common purpose. Such statutes must be read together as constituting one law, even if they contain no reference to one another and were enacted on different dates. When interpreting two statutes which arguably cover the same subject matter, they must be construed to preserve the intent of each and, if possible, interpreted in such a way that neither denies the effectiveness of the other. [*Crawford Co v Secretary of State*, 160 Mich App 88, 95; 408 NW2d 112 (1987) (citations omitted).]

The goal of both the no-fault act and the financial responsibility act is to ensure that automobile accident victims receive compensation for their injuries. *Id.* at 96.

Defendant claims that the phrase "the insurer of the owner," MCL 500.3114(5)(a), refers to an owner's insurance policy, while the phrase "the insurer of the operator," MCL 500.3114(5)(b), refers to an operator's insurance policy, as referenced in MCL 257.520(a) of the financial responsibility act. Regarding owner's policies, MCL 257.520(b)(1) provides in relevant part as follows:

> (b) Such owner's policy of liability insurance:
>
> (1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted . . . .

Thus, for purposes of the financial responsibility act, the Legislature only requires an insurer to provide

liability coverage to those automobiles listed in the policy. *State Farm Mut Automobile Ins Co v Ruuska*, 90 Mich App 767, 775; 282 NW2d 472 (1979), aff'd 412 Mich 321 (1982). Defendant argues that the same result should apply in this case.

Although defendant presents an interesting argument for relying on the financial responsibility act as an aid in interpreting MCL 500.3114(5)(a), it is unpersuasive. The plain language of MCL 500.3114(5)(a) is obviously contrary to defendant's argument regarding the financial responsibility act. The rules of statutory interpretation are well settled, and there is absolutely no question that we must refer to the plain language of the statute at issue to determine the Legislature's intent. Further interpretation is not permitted.

Additionally, a more recently enacted statute has precedence over an older statute. *Travelers Ins v U-Haul of Michigan, Inc*, 235 Mich App 273, 280, 597 NW2d 235 (1999). "This rule is particularly persuasive when one statute is both the more specific and the more recent." *Id*. Because "[t]he no-fault act, as opposed to the financial responsibility act, is the most recent expression of this state's public policy concerning motor vehicle liability insurance," *Citizens Ins Co of America v Federated Mut Ins Co*, 448 Mich 225, 232; 531 NW2d 138 (1995), and it is also more specific, we accord the no-fault act precedence.

V

MCL 500.3114(5)(a) requires that an insurer that insures an owner or registrant who owns the motor vehicle involved in an accident with a motorcycle is first in priority to pay no-fault benefits to the injured person.

Affirmed.