# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 27, 2016

152492-3

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

TITAN INSURANCE COMPANY,
      Plaintiff-Appellee,

v

AMERICAN COUNTRY INSURANCE
COMPANY,
      Defendant-Appellant,
and

SAFE ARRIVAL TRANSPORTATION and
SHONNISE WOODS,
      Defendants.

SC: 152492
COA: 319342
Wayne CC: 12-014301-NF

_____/

BRONSON METHODIST HOSPITAL,
      Plaintiff-Appellee,

v

TITAN INSURANCE COMPANY,
      Defendant-Appellee,
and

AMERICAN COUNTRY INSURANCE
COMPANY,
      Defendant-Appellant.

SC: 152493
COA: 321598
Kalamazoo CC: 2013-000463-AV

_____/

      On order of the Court, the application for leave to appeal the September 15, 2015 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

      MARKMAN, J. (*dissenting*).

      I respectfully dissent from this Court's order denying leave to appeal. I would instead grant leave to appeal to address whether the Legislature, when it enacted the no-fault act, MCL 500.3101 *et seq.*, intended to undermine in these circumstances a fundamental principle of insurance law that "[i]t is impossible to hold an insurance company liable for a risk it did not assume." *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 567 (1992).

In each of these consolidated cases, a company owned several vehicles and was in the business of transporting passengers. In each case, an individual who lacked no-fault insurance was injured in an accident while occupying one of the vehicles. Although the companies had failed to insure the vehicles involved in the accidents, American Country Insurance Company insured one or more *other* vehicles in each company's fleet. The Court of Appeals ruled in both cases that American Country was liable to pay no-fault benefits despite *not* having contracted to insure the vehicles involved in the accidents, concluding that under MCL 500.3114(4)(a), "because American Country insured *other* vehicles owned by [the companies], it is responsible for the claims in these cases." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 302 (2015) (emphasis added).

MCL 500.3114(4) provides, in relevant part, that

[e]xcept as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

In my judgment, the Court of Appeals almost certainly erred by concluding that American Country was the "insurer of the owner or registrant" merely because it insured *another* vehicle owned by each of the companies. It is quite likely that the companies had additional insurers for concerns such as fire, theft, flood, healthcare, and workers' compensation, and the Court of Appeals' interpretation fails to address the threshold question of *which* of each company's insurers, if any, constitutes the true "insurer of the owner or registrant" for purposes of MCL 500.3114(4)(a).

I do not question that the "insurer of the owner or registrant" is limited to no-fault insurers, and for this reason, the flood insurer cannot be liable for paying no-fault benefits here. When the no-fault act is read as a whole, it is apparent that "the insurer" must be a no-fault insurer. See *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 117 (2006) ("MCL 500.3114 should be read in context with chapter 31 [the no-fault chapter of the Insurance Code], and therefore 'the insurer' as provided in MCL 500.3114(5)(a) is limited to no-fault insurers."). However, it is also arguable that when the no-fault act is read as a whole, "the insurer" must be a no-fault insurer of the *vehicle involved in the accident*. Stated otherwise, if a court is to avoid the peculiar outcome whereby the flood insurer is responsible for paying no-fault benefits, it must interpret MCL 500.3114(4)(a) in the context of the no-fault act and accordingly read language into the statute: "the insurer [that provides no-fault insurance to] the owner or registrant." I see nothing improper with examining this same context in *further* concluding that the interpretation of "the insurer" in MCL 500.3114(4)(a) does not give rise to the equally

peculiar outcome of referring, not to the insurer of the owner with respect to the vehicle involved in the accident, but to the insurer of *another* vehicle.

MCL 500.3113(b)[1] and MCL 500.3173[2] of the no-fault act connect insurance coverage to the vehicle involved in the accident and specifically exclude from coverage persons who have failed to obtain a no-fault policy for that vehicle. In addition, MCL 500.3101(1)[3] and MCL 500.3102(1)[4] of the no-fault act require the owner or registrant of a vehicle to maintain insurance for all vehicles owned and registered in Michigan or operated here. Put simply, these four statutes together provide that the vehicle involved in an accident must be covered by a no-fault policy issued by the relevant insurer for that insurer to be liable to pay no-fault benefits. Accordingly, because American Country did not issue a no-fault policy for the vehicles involved in the accidents, the Court of Appeals likely erred by ruling that it was liable to pay benefits under the no-fault act.

---

[1] MCL 500.3113 provides that

> [a] person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by [MCL 500.3101 or MCL 500.3103] was not in effect.

[2] MCL 500.3173 provides that "[a] person who because of a limitation or exclusion in [MCL 500.3105 to MCL 500.3116] is disqualified from receiving personal protection insurance benefits under a policy otherwise applying to his accidental bodily injury is also disqualified from receiving benefits under the assigned claims plan."

[3] MCL 500.3101(1) provides, in relevant part, that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance."

[4] MCL 500.3102(1) provides that

> [a] nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

Furthermore, insurance entails "a contract between two parties, in which one party (the insurer) *agrees to assume the risk* of another party (the insured) in exchange for consideration, with the insurer distributing the accepted risk across a group of persons similarly situated with respect to the risk insured." *Auto Club Group Ins Co v Marzonie*, 447 Mich 624, 646 (1994) (Griffin, J., concurring in part and dissenting in part) (emphasis added).[5] As American Country did not agree to assume the risk of insuring all vehicles in each company's fleet, such an obligation cannot be imposed because of American Country's mere status as an insurer. Concluding otherwise would be inconsistent with this Court's longstanding recognition that "[t]he rights and duties of parties to [an insurance] contract are derived from the terms of the agreement." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 62 (2003). There is nothing to suggest that the no-fault act was intended to impose unanticipated liability on a no-fault insurer, contrary to the terms of its contract with the insured.

Put simply, I discern little basis for imposing responsibility on American Country to pay no-fault benefits when American Country, as with every other insurer of the business, had no contractual responsibility — and received no premiums — with respect to the specific vehicles involved in the accidents. Neither the no-fault act nor principles of insurance or contract law suggest such a result. Yet as a consequence of the Court of Appeals' published opinion, insurers like American Country will now be responsible for risks extending far beyond what they may have assumed when agreeing to provide insurance. Such a consequence, in my estimation, will likely compel insurers to disproportionally increase premiums on individuals and companies that own multiple vehicles to compensate for the imposition of this unanticipated risk, thereby imposing an unwarranted financial cost on those individuals and companies. Moreover, I note that the Court of Appeals has imposed similar responsibility on insurers under other provisions of the no-fault act, see *Farmers Ins Exch*, 272 Mich App at 113 ("MCL 500.3114(5)(a) states that the insurer need not insure the vehicle in the accident, but must insure the owner or registrant."); *Pioneer State Mut Ins v Titan Ins Co*, 252 Mich App 330, 335-336 (2002) ("[MCL 500.3115(1)(a)] does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits."). I would grant leave to appeal to address whether the outcome in this case is truly consistent with the Legislature's intentions. I would

---

[5] The Court later adopted the analysis of Justice GRIFFIN'S *Marzonie* plurality opinion in *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 115 (1999).

further urge the Legislature itself to assess whether the outcome here is consonant with its intentions with regard to both the no-fault act and the insurance laws generally.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 27, 2016

Clerk

t0524