*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDSEY SIMON,

       Plaintiff-Appellant,

UNPUBLISHED
June 18, 2020

v

No. 347075
Wayne Circuit Court
LC No. 18-003739-CK

PRIORITY HEALTH INSURANCE COMPANY,

       Defendant-Appellee.

Before: MURRAY, C.J., and JANSEN and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant and denying plaintiff's competing motion for summary disposition. We affirm.

Plaintiff was a passenger on a motorcycle when the motorcycle was hit by a motor vehicle. Plaintiff was thrown from the motorcycle and sustained severe injuries that required her to undergo nearly two years of medical treatment. Safeco Insurance Company of America (Safeco) was the insurer of the owner and registrant of the motor vehicle involved in the accident. Plaintiff did not have her own motor vehicle insurance policy. Plaintiff was, however, covered by a health insurance policy that she had with defendant. Initially, defendant informed plaintiff that under Michigan's no-fault act, MCL 500.3101 *et seq.*, defendant was the insurer with primary responsibility for the payment of insurance benefits because both the health insurance policy and the Safeco insurance policy had coordination-of-benefits clauses.[1] After further investigation,

---

[1] The coordination-of-benefits clause in the health insurance policy identified several types of insurance plans with which defendant would coordinate benefits, including:

> Automobile insurance required by law to be purchased and not provided under a group plan, but only to the extent that automobile insurance law requires coverage of medical benefits. Most automobile insurance in Michigan is written on

defendant learned that plaintiff was a passenger on a motorcycle at the time of the accident. On the basis of this information, defendant determined that it was not obligated to pay for plaintiff's healthcare costs associated with the accident, and it informed plaintiff of its position. Defendant relied on the following exclusionary clause in the health insurance policy:

> No Legal Obligation to Pay. Service or supplies are not Covered if you would not be required to pay for them if you did not have this Coverage. That includes, among other things, service and supplies performed or provided by a family member.

Defendant maintained that plaintiff was not required to pay for medical services and supplies because Safeco was legally obligated under the no-fault act to cover the medical expenses.

Plaintiff sued defendant for breach of contract. In a separate action, plaintiff sought personal protection insurance (PIP) benefits from Safeco. In the instant action, both parties moved for summary disposition. The trial court granted summary disposition in favor of defendant and denied plaintiff's motion for summary disposition. In explaining its decision, the trial court stated that under our Supreme Court's ruling in *Harris v Auto Club Ins Ass'n*, 494 Mich 462; 835 NW2d 356 (2013), plaintiff was not permitted to seek double recovery of benefits because Safeco had a statutory obligation to pay PIP benefits, meaning that medical services were not covered under the exclusion in plaintiff's health insurance policy with defendant. This appeal ensued.

We review de novo a trial court's decision on a motion for summary disposition. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012).[2] Similarly, this Court

---

a "coordinated" basis in which the health plan must assume primary responsibility for covered benefits. Some automobile insurance is written on a "full medical" basis, which assumes the automobile insurance carrier is the primary payer.

[2] Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. A court may only consider substantively admissible evidence actually proffered by the parties. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). "Like the trial court's inquiry, when an appellate court reviews

reviews questions of statutory and contractual interpretation de novo. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "An insurance policy is a contractual agreement between the insured and the insurer." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672-673; 939 NW2d 738 (2019). The Michigan Supreme Court further explained:

> An insurance policy, like other contracts, is an agreement between parties; a court's task is to determine what the agreement is and then give effect to the intent of the parties. In doing so, we consider the contract as a whole and give meaning to all terms of the contract. We give the policy language its ordinary and plain meaning, and when policy language is clear, we are bound by the language of the policy. [*Id.* at 672 (citations omitted).]

And in *Wayne Co v AFSCME Local 3317*, 325 Mich App 614, 633-634; 928 NW2d 709 (2018), this Court set forth the well-established rules of statutory interpretation:

> The primary task in construing a statute is to discern and give effect to the Legislature's intent, and in doing so, we start with an examination of the language of the statute, which constitutes the most reliable evidence of legislative intent. When the language of a statutory provision is unambiguous, we must conclude that the Legislature intended the meaning that was clearly expressed, requiring enforcement of the statute as written, without any additional judicial construction. Only when an ambiguity in a statute exists may a court go beyond the statute's words to ascertain legislative intent. We must give effect to every word, phrase, and clause in a statute, avoiding a construction that would render any part of the statute nugatory or surplusage. [Citations omitted.]

The no-fault act underwent a major overhaul in 2019 PA 21, effective June 11, 2019, but at the time of the accident, MCL 500.3114(5) provided:

> A person suffering accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the motor vehicle involved in the accident.
>
> (b) The insurer of the operator of the motor vehicle involved in the accident.
>
> (c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

---

a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

"MCL 500.3114(5)[] establishes the priority in which a motorcycle rider accidentally injured by a motor vehicle must claim no-fault benefits." *Farmers Ins Exch v Farm Bureau Gen Ins Co*, 272 Mich App 106, 111; 724 NW2d 485 (2006). "Because the plain language of MCL 500.3114(5)(a) requires that an insurer that insures an owner or registrant who owns the motor vehicle involved in an accident with a motorcycle is first in priority to pay no-fault benefits to the injured person, further construction is not permitted." *Id.* at 114. With respect to MCL 500.3114(5), this Court in *Hmeidan v VHS of Mich, Inc*, 326 Mich App 467, 479-480; 928 NW2d 258 (2018), explained:

> [D]espite not requiring motorcyclists to obtain PIP coverage, our Legislature has extended PIP coverage to motorcyclists by statute, at least in instances in which a motor vehicle is involved in an accident with a motorcyclist. In other words, our Legislature has made a policy choice to provide motorcyclists with the more expansive PIP coverage whenever they are injured in an accident involving a motor vehicle, rather than being limited to the optional medical-benefits coverage motorcyclists may also choose to purchase. [Citations omitted.]

Here, under MCL 500.3114(5)(a), plaintiff had an absolute statutory right to claim and recover PIP benefits from Safeco. Concomitantly, the same statute placed on Safeco the obligation to pay PIP benefits, thereby covering the medical costs incurred in relation to the treatment of plaintiff's injuries that arose out of the accident. Plaintiff's entitlement to PIP benefits was a right created purely by statute.

Under the exclusionary provision in the health insurance policy, defendant had no obligation to provide any coverage if plaintiff would not be required to pay for healthcare services and supplies absent the coverage. We hold that because Safeco had a statutory obligation to pay PIP benefits to cover the healthcare services and supplies at issue, plaintiff was not required to pay for those services and supplies; therefore, the exclusionary clause was implicated and defendant did not owe any medical benefits to plaintiff under the health insurance policy.

This case is controlled by our Supreme Court's decision in *Harris*, 494 Mich 462. In the opening paragraph of *Harris*, the Supreme Court stated:

> The significant question in this case is whether a person claiming personal protection insurance (PIP) benefits under MCL 500.3114(5)(a) for injuries arising from a motor vehicle accident may also recover an award for those same injuries under a health insurance policy that contains a provision titled, "Care and Services That Are Not Payable," which provides, "[w]e do not pay for the following care and services: Those for which you legally do not have to pay or for which you would not have been charged if you did not have coverage under this certificate." The Court of Appeals majority in this case held that because plaintiff Brent Harris, for purposes of the no-fault act, incurred expenses on receiving treatment, he could seek a duplicate award from his health insurer, third-party defendant Blue Cross Blue Shield of Michigan (BCBSM), because these were services for which Harris

legally had to pay. We conclude that, regardless of when Harris incurred expenses arising from the motor vehicle accident, he simply did not legally have to pay these expenses. When Harris sought treatment for his injuries under MCL 500.3114(5)(a), the legally assigned insurer, defendant Auto Club Insurance Association (ACIA), became liable for all of Harris's PIP expenses. Because BCBSM's policy plainly provides that BCBSM is not liable for expenses that Harris does not legally have to pay, Harris cannot collect expenses from both ACIA and BCBSM. Accordingly, we reverse in part the December 27, 2011 judgment of the Court of Appeals and reinstate the judgment of the Oakland Circuit Court. [*Id.* at 464 (alteration in original).[3]]

The *Harris* Court observed that unlike the claimants in cases in which a double recovery of insurance benefits was awarded, Harris was not claiming benefits under a no-fault insurance policy that he or anyone else had procured, as he was neither a third-party beneficiary nor a subrogee of the ACIA no-fault insurance policy; rather, Harris's right to PIP benefits arose solely by statute. *Id.* at 471-472. The Supreme Court found that Harris was entitled to PIP coverage because MCL 500.3114(5)(a) designated ACIA as the responsible insurer. *Id.* at 472. The Court noted that "an insured must pay a premium to obtain insurance policies that provide for double recovery" and that Harris had not paid the necessary premiums to receive a double recovery. *Id.* The Court held that "[u]nder MCL 500.3114(5)(a), Harris was not obligated to pay his medical expenses because, as a matter of law, ACIA was liable for Harris's PIP expenses." *Id.*

*Harris* simply cannot be distinguished from the facts here, and plaintiff's arguments to the contrary are unavailing because they are inconsistent with the clear language of *Harris*.[4] Apparently coming to that realization, plaintiff argues that *Harris* should be overruled. "The Court of Appeals is bound to follow decisions by [the Supreme] Court except where those decisions have clearly been overruled or superseded and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined." *Associated Builders & Contractor v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) (emphasis omitted). We are bound by the Supreme Court's holding in *Harris*; thus, plaintiff needs to take her argument directly to our Supreme Court.

---

[3] The factual background in *Harris* was as follows:

> On July 11, 2008, Harris was injured when he was struck by a motor vehicle while operating a motorcycle. Harris had a health insurance policy, referred to as a Professional Services Group Benefit Certificate (the policy or the certificate), with BCBSM. The owner of the motor vehicle that struck Harris was insured under a no-fault insurance policy issued by ACIA. [*Harris*, 494 Mich at 465.]

[4] It becomes unnecessary to address the issue concerning the application of the coordination-of-benefits clause in the health insurance policy.

We affirm.  Having fully prevailed on appeal, defendant may tax costs under MCR 7.219.


/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Jane E. Markey