*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, P.C.,

UNPUBLISHED
July 30, 2020

Plaintiff-Appellee,

v

No. 349299
Oakland Circuit Court
LC No. 2016-153530-NF

MICHIGAN ASSIGNED CLAIMS PLAN,

Defendant/Cross-Plaintiff-Appellant,

and

HOME-OWNERS INSURANCE COMPANY,

Defendant/Cross Defendant-Appellee,

and

UNNAMED ASSIGNEE OF THE MICHIGAN
ASSIGNED CLAIMS PLAN,

Defendant

Before: RIORDAN, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ

PER CURIAM.

In this no-fault case, defendant Michigan Assigned Claims Plan (MACP) appeals by leave granted the trial court's opinion and order denying MACP's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). MACP sought summary disposition on the grounds that defendant Home-Owners Insurance Company had priority over claims made by the injured party's assignee. We agree and so reverse the trial court and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

We previously set forth the facts and procedural history of this case. *Mich Head & Spine Institute, PC, v Mich Assigned Claims Plan (MHSI I)*, unpublished per curiam opinion of the Court

-1-

of Appeals, issued November 13, 2018 (Docket No. 339766). We offer an abbreviated version of that background here.

Maureen Calcatera was seriously injured in a motor vehicle accident on February 9, 2016, while driving a vehicle owned by and registered to her father, Michael Cuddihy, Jr. Calcatera did not live with Cuddihy, and the vehicle was uninsured at the time of the accident. Michigan Head & Spine Institute (MHSI) provided medical and rehabilitative services to Calcatera, and when it could not identify an applicable insurer, it sought reimbursement through MACP. MHSI brought suit after MACP failed to assign the claim to an insurer. MACP later discovered that Cuddihy was insured by Home-Owners, although the policy did not cover the vehicle involved in the accident. MHSI then filed an amended complaint adding Home-Owners as a defendant, and MACP brought a cross-complaint against Home-Owners. After *Covenant*[1] was decided, Home-Owners moved for summary disposition partly on the grounds that MHSI did not have a statutory cause of action to pursue payment of PIP benefits. MHSI then sought leave to file an amended complaint based on an assignment of benefits from Calcatera. The trial court denied the motion for leave to amend and dismissed the case for a lack of standing. In *MHSI I*, we reversed those rulings and remanded for further proceedings. *MHSI I*, unpub op at 1.

On remand, MHSI filed a second amended complaint based on the assignment of benefits from Calcatera. In lieu of filing an answer, MACP moved for summary disposition primarily arguing that Calcatera and MHSI were not eligible to receive benefits through MACP because there was an applicable insurer, i.e., Home-Owners. MACP argued that Home-Owners was first in priority under MCL 500.3114(4) as the insurer of the vehicle's titled owner and that it was irrelevant that Home-Owners did not insure the vehicle itself. Home-Owners renewed its motion for summary disposition, arguing that Calcatera, and by extension MHSI, were precluded from recovering PIP benefits under MCL 500.3113(b) because Calcatera was an "owner" of the uninsured vehicle as that term is defined by the no-fault act. Home-Owners also argued that MACP did not have standing to bring a cross-claim against Home-Owners to litigate priority.

After hearing oral argument, the trial court denied defendants summary disposition of MHSI's complaint under MCR 2.116(C)(10), concluding that there were genuine issues of material fact as to whether Calcatera was entitled to PIP benefits from Home-Owners or through MACP. Namely, the court found a question of fact whether Calcatera was a statutory owner of the vehicle. The court also ruled that MACP lacked standing to file a cross-claim against Home-Owners and that it violated its statutory duty to promptly assign the claim.[2] In conclusion, the court denied MACP's motion for summary disposition, granted Home-Owners summary disposition of the cross-claim, and by finding a question of fact on the question of ownership, the court necessarily denied Home-Owners' motion for summary disposition of MHSI's complaint.

---

[1] *Covenant Med Ctr Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017).

[2] MACP does not challenge the trial court's ruling that it lacks standing to bring a cross-claim against Home-Owners, and so we need not address that issue. See *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019). We note, however, that MACP and Home-Owners are parties to MHSI's complaint and that the parties do not dispute that MACP may make priority arguments in the underlying action.

The trial court denied MACP's motion for reconsideration and later granted MACP's motion for a stay of proceedings pending its appeal.

## II. ANALYSIS

MACP argues that it was entitled to summary disposition because Home-Owners is responsible to pay PIP benefits in this case pursuant to MCL 500.3114(4)(a). We agree.

A person may seek PIP benefits through MACP if, among other requirements, "[n]o personal protection insurance is applicable to the injury." MCL 500.3172(1)(a). Insurer liability for PIP benefits is determined by the no-fault priority provisions found in MCL 500.3114. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254; 819 NW2d 68 (2012). "Under MCL 500.3114(1), a person seeking no-fault benefits must generally look first to his or her own insurer, unless one of the exceptions in MCL 500.3114(2), (3), or (5) applies." *Turner by Sakowski v Farmers Ins Exch*, 327 Mich App 481, 493-494; 934 NW2d 81 (2019). Because no exception applies in this case and there is no insurance policy applicable to Calcatera under MCL 500.3114(1), the question is whether there is an applicable insurer under MCL 500.3114(4). See *id*. at 494. At all times relevant to this case, MCL 500.3114(4)(a) provided as follows:

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) *The insurer of the owner or registrant of the vehicle occupied*. [Former MCL 500.3114(4)(a) (emphasis added).]

In *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 108; 724 NW2d 485 (2006), this Court interpreted statutory language nearly identical to MCL 500.3114(4)(a). That case concerned MCL 500.3114(5), which pertains to accidents involving motorcycles. MCL 500.3114(5)(a) provided that the highest-priority insurer to provide PIP benefits was "[t]he insurer of the owner or registrant of the motor vehicle involved in the accident." We held that "the insurer" referred to the insurer of the owner or registrant regardless of whether the insurer insured the vehicle involved in the accident. *Id*. at 113. We reasoned, in part, as follows:

> Pursuant to the plain language of the statute, all that is required for an insurer to be first in priority to pay no-fault benefits is to insure "the owner or registrant of the motor vehicle involved in the accident." In other words, the plain language of MCL 500.3114(5)(a) states that the insurer need not insure the vehicle in the accident, but must insure the owner or registrant. Here, because defendant insured Petiprin, who owned the van involved in the accident, defendant is first in priority to provide benefits under MCL 500.3114(5)(a). Had the Legislature intended MCL 500.3114(5)(a) only to require an insurer to provide no-fault benefits if the insurer actually insured the motor vehicle involved in the accident, it could have chosen the following language for MCL 500.3114(5) (a): "The insurer of the motor vehicle involved in the accident," deleting the first prepositional phrase, "of the owner or

-3-

registrant." Clearly, the Legislature did not choose that language, and for us to adopt defendant's position would be to render the phrase "of the owner or registrant" in the statute nugatory. [*Id*. at 113-114.]

In this case, the trial court distinguished *Farmers Ins Exch* because that case concerned MCL 500.3114(5)(a) rather than MCL 500.3114(4)(a). However, the statutes contain essentially the same language and so should be interpreted in the same manner. In fact, *Farmers Ins Exch* relied on *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330; 652 NW2d 469 (2002), in which we interpreted the substantially similar language found in MCL 500.3115(1)(a) as requiring the insurer of the vehicle's owner or registrant to provide no-fault benefits in cases involving uninsured nonoccupants "regardless of whether the insurer covered the motor vehicle involved in the accident." *Farmers Ins Exch*, 272 Mich App 114. At that time, MCL 500.3115(1)(a) provided that if a pedestrian is injured in a motor vehicle accident the first insurer in priority is "[i]nsurers of owners or registrants of motor vehicles involved in the accident." *Pioneer*, 252 Mich App at 336 (quotation marks omitted). Given the similar language, the *Farmers Ins Exch* Court reasoned that *Pioneer*'s interpretation of MCL 500.3115(1)(a) applied in that case and supported the holding. *Farmers Ins Exch*, 272 Mich App at 115. Likewise, because MCL 500.3114(4)(a) is substantially similar to MCL 500.3114(5)(a), it should be interpreted consistent with *Farmers Ins Exch*.

Any doubt on that matter was resolved in *Turner*, 327 Mich App 481,[3] in which we adopted *Farmers Ins Exch*'s analysis for purposes of MCL 500.3114(4)(a):

Here, the language in MCL 500.3114(4)(a) is materially identical to the language in MCL 500.3114(5)(a). Accordingly, the analysis in *Farmers Ins Exch* applies to the construction of § 3114(4)(a). *Farmers Ins Exch*, 272 Mich App at 115. Thus, we adopt the reasoning of *Farmers Ins Exch* for purposes of the instant case. See also *Titan Ins Co* [*v American Country Ins Co*, 312 Mich App 291, 295; 876 NW2d 853 (2015)] (holding that priority is determined under § 3114(4) by looking to the insurer of that priority is determined under § 3114(4) by looking to the insurer of other vehicles owned by the owner of the particular uninsured vehicle that was involved in a motor vehicle accident). *Section 3114(4)(a) plainly refers to the insurer of the vehicle's "owner or registrant," regardless of whether the particular vehicle involved in the accident was actually covered by the security described in § 3101(1).* [*Id*. at 499-500 (emphasis added).]

*Turner* concerned whether MCL 500.3114(4)(a) applied to a self-insured rental car company and whether the company was required to maintain no-fault security for rental vehicles registered out of state. See *id*. at 501-507. Although *Turner* is factually distinguishable from this case, the main takeaway for purposes of this appeal is *Turner*'s holding that MCL 500.3114(4)(a)

---

[3] *Turner* was decided on April 16, 2019. The trial court issued its opinion and order on April 24, 2019. The briefing on the motions for summary disposition was submitted before *Turner* was decided. In its motion for reconsideration, MACP relied on *Turner* and attached it to its motion. The trial court did not address the case in denying the motion.

-4-

refers to the insurer of the vehicle's owner, not the insurer of the vehicle. That holding is binding precedent that we must follow in applying MCL 500.3114(4)(a) to the facts of this case.[4]

Home-Owners does not discuss the relevant caselaw or offer an alternative interpretation of MCL 500.3114(4)(a). Instead, it argues that MCL 500.3114(4)(a) should not apply here because Cuddihy had removed the vehicle from the policy and so requiring Home-Owners to provide PIP benefits to Calcatera would subject it to providing coverage for an unassumed risk. However, none of the cases Home-Owners relies on involved the no-fault act; rather, all the cases it cites involve liability insurance in which there was a claim by the insurer that the terms of its policy did not apply. No-fault PIP coverage is different because whether an insurer is liable to provide benefits is determined by statute, not by contract. Indeed, we rejected a similar argument by the insurer in *Farmers Ins Exch*, 272 Mich App at 116-117, reasoning that "[t]he issue before us is one of statutory interpretation and not contractual interpretation. Defendant is precluded from arguing that its contract for insurance coverage prevails over the requirements of MCL 500.3114[]." No-fault insurers are regularly required to pay PIP benefits to non-owners of the vehicle even if the policy itself does not cover that risk. Or put differently, all PIP insurers assume the risk that they will have to pay PIP benefits to someone other than their insured. Who might be that "someone" is defined by the priority statute, not any particular policy.

In sum, the above caselaw establishes that "[t]he insurer of the owner of registrant of the vehicle occupied" as used in MCL 500.3114(4)(a) refers to the insurer of the vehicle's owner, not the vehicle itself. Thus, priority under MCL 500.3114(4) establishes liability to pay PIP benefits. In this case, at the time of the accident, Cuddihy was the titled owner of the vehicle involved in the accident, and he was insured by a Home-Owners policy covering a different vehicle. Accordingly, Home-Owners has priority under MCL 500.3114(4) as the insurer of the owner of the vehicle involved in the accident, even though it did not insure the vehicle. Because there is an applicable insurer, the trial court erred by denying MACP summary disposition.

Home-Owners notes that the Legislature has amended MCL 500.3114(4) to provide that if there is no personal, spousal, or household policy applicable under MCL 500.3114(1), the injured person must now seek PIP benefits through MACP.[5] See PA 21 PA 2019. But Home-Owners

---

[4] The Supreme Court has granted leave to in *Turner* to address whether MCL 500.3114(4)(a) applied in that case, not this Court's decision to adopt *Farmers Ins Exch*'s analysis. See *Turner by Sakowski v Farmers Ins Exch*, 505 Mich 874 (2019). Even if *Turner* is reversed on the issue before the Supreme Court, its construction of MCL 500.3114(4)(a) as relevant to this case has ample support in *Farmers Ins Exch*, *Pioneer*, and *Titan Ins Co*.

[5] The current statute states in part:

> (4) Except as provided in subsections (2) and (3), a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the

-5-

does not argue for retroactive application of the amended version of MCL 500.3114(4), and "[a]bsent such clear indication that the Legislature intended retroactive application, it is presumed that a statute applies only prospectively." *Buhl v Oak Park*, 329 Mich App 486, 495; 942 NW2d 667 (2019). Accordingly, the version of MCL 500.3114(4) in effect at the time of the accident controls this case. For the same reasons, we find no merit in Home-Owners's suggestion that the new version of MCL 500.3114(4) will apply to any future claim for benefits.

Finally, we note that no party challenges the trial court's determination that there is a question of fact whether Calcatera was a statutory owner of the vehicle involved in the accident. If on remand the trier of fact concludes that Calcatera was an owner of the vehicle, then she (and MHSI as her assignee) would be precluded from recovering PIP benefits under MCL 500.3113(b) for failing to maintain the no-fault security required by MCL 500.3101(1). And if Calcatera is not entitled to coverage from Home-Owners on those grounds, then she would be disqualified from receiving benefits through MACP. See MCL 500.3173.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

---

assigned claims plan under sections 3171 to 3175. [MCL 500.3114(4), as amended by 21 PA 2019.]