# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA MARBLY,

        Plaintiff-Cross-Appellant,

and

AMERICAN ANESTHESIA ASSOCIATES,
LLC,

        Intervening Plaintiff-Appellant,

and

SELECTIVE CARE CASE MANAGEMENT,
LLC, and MICHIGAN PAIN MANAGEMENT,
LLC,

        Intervening Plaintiffs,

and

SPINE SPECIALISTS OF MICHIGAN, PC,

        Intervening Plaintiff/Cross-
        Appellant,

v

BRANDI ROBERTSON,

        Defendant,

and

AMERICAN COUNTRY INSURANCE
COMPANY,

        Defendant-Appellee/Cross-
        Appellee.

UNPUBLISHED
January 16, 2018

No. 333286
Wayne Circuit Court
LC No. 14-010021-NI

-1-

Before:  TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

In this no-fault insurance contest concerning personal protection insurance (PIP) benefits, intervening plaintiff American Anesthesia Associates, LLC (American Anesthesia) appeals as of right the trial court's grant of summary disposition to defendant American Country Insurance Company (ACI) against plaintiff, Debra Marbly, and the intervening plaintiff medical providers. Plaintiff Marbly and intervening plaintiff Spine Specialists of Michigan, PC, have each filed a cross-appeal, challenging the same order.  We reverse and remand for further proceedings consistent with this opinion.

This case arises out of injuries Marbly alleges she sustained in a rear-end collision.  At the time of the accident, Marbly was working for G1 Transportation (G1) as a "transport driver," transporting patients to and from doctors' appointments in a minivan owned by G1 and insured by ACI.  According to Marbly, as a result of the injuries she sustained in the accident, she required assistance from her daughters with everyday tasks, and she had agreed to pay them for providing such assistance.  Through PIP coverage, Marbly sought compensation for those services from ACI.  After ACI denied her claim, Marbly instituted this action.  ACI moved for summary disposition, producing surveillance footage tending to suggest that Marbly was able to perform many of the tasks she had claimed an inability, or limited ability, to perform.  ACI argued that under a fraud-exclusion clause in the no-fault policy, Marbly's claim for benefits was barred.  The trial court agreed, holding that in light of the surveillance footage, reasonable minds could not differ about whether Marbly intentionally made material misrepresentations regarding her claim to benefits.  Thus, the trial court granted ACI summary disposition of Marbly's claim pursuant to MCR 2.116(C)(10), and it also granted ACI summary disposition of the intervening medical providers' derivative claims for medical services rendered.

On appeal, American Anesthesia argues that the trial court erred by holding that the fraud-exclusion clause acted as an absolute bar to Marbly's claim for PIP benefits (and thus also to the medical providers' derivative claims).  We agree.[1]

We review de novo a trial court's decision regarding a motion for summary disposition.[2]

A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant

---

[1] Given this conclusion, we need not reach, and thus do not address, the issues raised in Marbly's brief on appeal.

[2] *Heaton v Benton Constr Co*, 286 Mich App 528, 531; 780 NW2d 618 (2009).

documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.[3]

"This Court is liberal in finding genuine issues of material fact."[4]

Shortly after the trial court decided defendant's motion, this Court decided *Shelton v Auto-Owners Ins Co*,[5] which must be afforded full retroactive effect.[6] In *Shelton*, this Court addressed a situation that was very similar, albeit not identical, to the one at issue here. The plaintiff in *Shelton*, Tyann Shelton, was allegedly injured during a car accident while riding as a passenger in a vehicle owned and operated by Timothy Williams.[7] Because Shelton neither owned a vehicle nor resided with a relative who did, she sought PIP benefits under Williams's no-fault policy with Auto-Owners Insurance Company pursuant to MCL 500.3114(4)(a).[8] Auto-Owners "moved for summary disposition, asserting that Shelton was not entitled to PIP benefits under an exclusionary clause in the policy[.]"[9] The trial court denied the motion in part, and Auto-Owners appealed to this Court.[10] On appeal, Auto-Owners argued, among other things, that the "policy exclusion applie[d] to Shelton despite the fact that she [wa]s not a policyholder . . . ."[11] This Court disagreed, reasoning in relevant part as follows:

> Defendant relies largely on *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423-426; 864 NW2d 609 (2014), in which we held that a fraud provision in an insurance contract could bar a claim for PIP benefits when the policyholder filed a claim for replacement services on a date that preceded the date on which the subject accident occurred. However, both the law and the facts of this case differ substantially from those that existed in *Bahri*.

---

[3] *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotations marks and citations omitted).

[4] *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

[5] *Shelton v Auto-Owners Ins Co*, 318 Mich App 648; 899 NW2d 744 (2017).

[6] The pertinent holdings in *Shelton* were premised on an interpretation of the no-fault act, MCL 500.3101 *et seq.*, and "judicial decisions of statutory interpretation must apply retroactively," *W A Foote Mem Hosp v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 333360); slip op at 16.

[7] *Shelton*, 318 Mich App at 651.

[8] *Id*.

[9] *Id*. at 652.

[10] *Id*. at 651-652.

[11] *Id*. at 652.

The law governing application of the policy exclusion in *Bahri* is not applicable in this case. In *Bahri*, the provision applied to the plaintiff because the "defendant issued [the subject] no-fault automobile policy to [the] plaintiff." *Id.* at 421. In this case, however, Shelton was not a party to, nor an insured under, the policy; she was injured while a passenger, and because neither she nor her spouse or resident relative had a no-fault policy, defendant was required to pay her benefits pursuant to statute, not pursuant to a contractual agreement.

The Michigan Supreme Court stated in *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993), that

> PIP benefits are mandated by statute under the no-fault act, MCL 500.3105; MSA 24.13105, and, therefore, the statute is the "rule book" for deciding the issues involved in questions regarding awarding those benefits. On the other hand, the insurance policy itself . . . is the contract between the insurer and the insured . . . .

The Supreme Court adhered to this principle in *Harris v Auto Club Ins Ass'n*, 494 Mich 462; 835 NW2d 356 (2013), a case involving a motorcycle-automobile collision. *Harris* cited MCL 500.3114(5)(a), which, using language paralleling the language used in MCL 500.3114(4)(a), provided that if the injured motorcyclist, his or her spouse, or a resident relative did not have a no-fault policy, then his or her no-fault benefits would be paid by the insurer of the owner or registrant of the automobile. *Id.* at 471-472. In *Harris*, the Court stated that the plaintiff could not take advantage of the uncoordinated medical benefit provision in the policy because his claim did not flow from the subject policy but instead arose "solely by statute." *Id.* at 472. The Court held that:

> [The plaintiff] is not claiming benefits under a no-fault insurance policy that he or anyone else procured. [He] is neither a third-party beneficiary nor a subrogee of the no-fault policy issued to the person that struck him and thus he [was] not eligible to receive benefits under that policy. Rather, [the plaintiff's] right to PIP benefits arises solely by statute. [*Id.* at 471-472 (citations omitted).]

Defendant's argument is directly contrary to the grounds for the holdings in both *Rohlman* and *Harris*. Here, as in those cases, Shelton's no-fault benefits are governed "solely by statute." Therefore, the exclusionary provision in defendant's no-fault policy does not apply to Shelton and cannot operate to bar Shelton's claim.

This conclusion is also consistent with the text of the relevant statutes. "The primary rule of statutory construction is that, where the statutory language is clear and unambiguous, the statute must be applied as written." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). Additionally, the "primary task in construing a statute is to discern and give effect to the intent

of the Legislature." *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 111; 724 NW2d 485 (2006) (citation, quotation marks, and brackets omitted). "[A] court must give effect to every word, phrase, and clause and avoid a construction that would render any part of the statute surplusage or nugatory." *Id*.

Under Subsection 1 of the no-fault priority statute, "a personal protection insurance policy . . . *applies* to . . . the person named in the policy, the person's spouse, and a relative of either domiciled in the same household . . . ." MCL 500.3114(1) (emphasis added). Shelton is not an individual named in defendant's policy, a spouse of the person named in the policy, or a relative of either the person named in defendant's policy or his spouse. Therefore, pursuant to the statute, defendant's policy does not "apply" to Shelton. Rather, Shelton received no-fault benefits pursuant to Subsection 4, which reads:

> Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.
>
> (b) The insurer of the operator of the vehicle occupied. [MCL 500.3114(4).]

Subsection (4) does not state that the owner or operator's insurance policy "applies" to the passenger's claim for benefits, and its text, unlike that of Subsection (1), omits any mention of a personal protection insurance *policy*, instead providing that the injured person is to "claim personal protection insurance benefits from insurers," beginning with "[t]he insurer of the owner or registrant of the vehicle occupied." MCL 500.3114(4)(a).

Defendant argues that we should depart from the statute as a matter of public policy because if we do not, no-fault insurers will lose the ability to deny fraudulent no-fault claims. This argument is meritless. As always, if an insurer concludes that a claim is fraudulent, it may deny the claim. Should the claimant then file suit, the burden is on the claimant to prove that he or she is entitled to his or her claimed benefits, a burden that is highly unlikely to be met if the fact-finder concludes that the claim is fraudulent. And insurers can obtain attorney fees for

having to litigate any claims that are determined to be fraudulent. MCL 500.3148.[12]

In light of *Shelton*, the crucial inquiry in this case is whether Marbly's entitlement to PIP benefits is statutory or contractual in nature.

"When determining the priority of insurers liable for no-fault PIP benefits, courts must examine MCL 500.3114."[13] At the time the trial court ruled, MCL 500.3114 provided, in pertinent part:

(1) Except as provided in subsections (2), (3), and (5), a [PIP] policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

(2) A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the [PIP] benefits *to which the person is entitled from the insurer* of the motor vehicle. . . .

(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive [PIP] benefits *to which the employee is entitled from the insurer* of the furnished vehicle.

(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle *shall claim [PIP] benefits from insurers* in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied.

(5) A person suffering accidental bodily injury arising from a motor vehicle accident . . . while an operator or passenger of a motorcycle *shall claim [PIP] benefits from insurers* in the following order of priority . . . .[14]

---

[12] *Id*. at 652-655 (footnotes omitted) (alterations in original).

[13] *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254; 819 NW2d 68 (2012).

[14] MCL 500.3114, as amended by 2002 PA 38 (emphasis added). After the trial court decided this matter (and after *Shelton* was decided), MCL 500.3114 was amended by 2016 PA 347 (effective March 21, 2017), but the minor amendments are immaterial for purposes of our instant analysis.

"[T]he general rule is that one looks to a person's own insurer for no-fault benefits unless one of the statutory exceptions, subsections 2, 3, and 5, applies."[15] "[T]he determination as to which insurer, if any, is liable to pay [PIP] benefits is made by considering the circumstances in which the injury occurred."[16]

Given that Marbly was injured while operating a vehicle used in the business of transporting medical patients (i.e., "a motor vehicle operated in the business of transporting passengers"), the statutory exception provided by MCL 500.3114(2) would ordinarily apply. The exception provided by MCL 500.3114(3) would also apply because Marbly was an employee injured while an occupant in a vehicle owned or registered by her employer.

However, unlike subsections (4) and (5), which provide that the injured person "shall claim" PIP benefits from certain insurers, subsections (2) and (3) each provide that the injured person "shall receive" those PIP benefits "*to which the person is entitled*" from certain insurers. We cannot assume that the Legislature inserted language about entitlement into subsections (2) and (3) without intending it to have some effect. Instead, if at all possible, the phrase "to which the person is entitled" must be given meaning, and not rendered nugatory or construed as mere surplusage.[17] Hence, we tend to agree with ACI's general proposition that violation of terms in a no-fault policy might prevent an injured person from being "entitled" to benefits under subsections (2) and (3).

However, even assuming that ACI is correct—that Marbly is *not* "entitled" to collect benefits under subsections (2) or (3) because the fraud-exclusion is enforceable against her—it does not necessarily follow that ACI is relieved of priority to pay her claim. Subsections (2) and (3) represent priority *exceptions*, not the general rule. See MCL 500.3114(1). It is undisputed that the general rule provided by subsection (1) does not apply here—i.e., that Marbly is not a named insured in a no-fault policy, has no spouse who is, and does not live with a relative who carries no-fault insurance. Thus, if subsections (1), (2), and (3) are inapplicable, Marbly can then seek benefits under subsection (4).[18]

Ultimately, because subsection (1) does not apply in this case, ACI's argument is self-defeating in light of *Shelton*. Either Marbly is "entitled" to PIP benefits under the no-fault policy pursuant to subsection (2) or (3), or she "shall claim" PIP benefits under subsection (4), and in either event, ACI is the insurer with priority to pay her claim. Put differently, if the policy's fraud-exclusion clause is enforceable against Marbly and she is not entitled to benefits under subsections (2) or (3), ACI is nevertheless the insurer with priority to pay Marbly's claims under subdivision (4)(a) because she was injured while an occupant of a motor vehicle the owner of

---

[15] *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 202-203; 393 NW2d 833 (1986).

[16] *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 253; 293 NW2d 594 (1980).

[17] See *Mich Farm Bureau v Mich Dep't of Environmental Quality*, 292 Mich App 106, 132; 807 NW2d 866 (2011).

[18] See *Parks*, 426 Mich 203 n 3.

which was insured by ACI. Moreover, as explained in *Shelton*, because entitlement to benefits under subsection (4) is governed solely by statute, any fraud-exclusion clause in the no-fault policy does not apply to Marbly if her entitlement to benefits arises under subsection (4). Thus, although it is highly unlikely that a fact-finder will conclude on remand that all of the expenses claimed by Marbly were reasonably necessary in light of the evidence contradicting her asserted limitations,[19] the trial court nonetheless erred by concluding that the fraud-exclusion clause barred Marbly's claim entirely. Its error in that regard led it to further err by concluding that the medical providers' claims were likewise barred.

Accordingly, we reverse the trial court's order granting ACI's motion for summary disposition and thereby dismissing Marbly's and the medical providers' claims for PIP benefits.

Reverse and remand for further proceedings consistent with this opinion.[20] We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

---

[19] See *Shelton*, 318 Mich App at 655.

[20] We note that the medical providers' claims for PIP benefits may potentially be impacted by our Supreme Court's decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). But because the parties have not raised and addressed this issue, we decline to do so on appeal, and we express no opinion on the matter. On remand, the parties are free to raise any issue concerning the impact and applicability of *Covenant* to the medical providers' claims in an appropriate motion in the trial court.